# Simms *v.* Greer.

*Bill in Equity for Injunction against Waste.*

1. *Sale of lands for delinquent taxes; affidavit of tax-collector, as to deficiency of personal property.*—The affidavit which the tax-collector is required to make and enter in the book filed by him in the office of the

probate judge, as to his inability to find personal property after diligent search (Sess. Acts 1878–9, pp. 3–8, § 12), is a jurisdictional fact, without which the court has no power to grant an order to sell the lands; and if it is not in fact made until after the lands have been sold, it can not retroact so as to impart validity to the sale or decree.

2. *Variance.*—Where the complainants, claiming to be the owners of the absolute estate as heirs of their deceased mother, and under a surrender to them of his life-estate by their surviving father, seek to restrain the commission of waste by their tenants in possession; while the proof shows that the father has never surrendered his life-estate, and that the defendants are in possession as his tenants, one of them also claiming under a purchase at a void sale for taxes, there is a fatal variance between the allegations and the proof.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on 1st October, 1886, by Fannie M. Greer and Anna Greer, children of John H. Greer and his deceased wife (Anna C.), against James H. Simms, W. C. Simms, and the said John H. Greer; and sought to restrain the commission of waste by said James H. and W. C. Simms, on certain lands of which they were in possession, and which had belonged to the complainants' mother; and to cancel a deed which said James H. had procured from the State, as the purchaser at a sale for delinquent taxes; or, in the event the sale for taxes should be held valid, so far as to convey the life-estate of the said John H. Greer, as surviving husband, that the injunction be perpetuated "so far as necessary to preserve complainants' estate in remainder, free from waste and destruction." On final hearing, on pleadings and proof, the chancellor held that the sale for taxes was valid as to the life-estate of John H. Greer, and refused to cancel the deed; but he further held that the complainants were entitled to an injunction, so far as necessary to protect their estate in remainder, and granted relief to that extent. The defendants appeal from this decree, and here assign it as error.

R. H. CLARKE, for appellants.

JOHN R. TOMPKINS, *contra.*

CLOPTON, J.—The bill is brought by appellees for the purpose of restraining defendants from committing waste on the lands therein mentioned. The case made by the bill is, that complainants, having the entire title and ownership of the lands, had rented the same to the defendants, James H.

[Simms v. Greer.]

and William C. Simms, for several years; that the defend-
ants, while being such tenants and in arrears for rent, and
having promised to pay the taxes, purchased, in May, 1886,
the lands from the State, the same having been sold, in Sep-
tember, 1882, for the taxes of previous years, under a decree
of the Probate Court, at which sale the State became the
purchaser; and under this claim of ownership are cutting
and destroying the timber on the land, in which its principal
value consists.    The lands were the statutory separate estate
of the mother of complainants, who died intestate in 1866,
leaving living her husband, who is the father of complain-
ants.    The bill alleges that their father, in 1878, surrendered
to complainants his life-estate, and that they have ever since
been in the sole and uninterrupted possession of the lands.
The  validity of the tax-sale is assailed on specific grounds,
and it is claimed that, if valid, the defendants only acquired
the life-estate.

In *Wartensleben v. Hailhcock*, 80 Ala. 565, we held that
the affidavit, which the tax-collector is required to make and
enter in the book delivered to the judge of probate, in refer-
ence to his inability to find a sufficeincy of personal property
from which to collect the taxes, is a jurisdictional fact, with-
out which the court has no authority to make an order of
condemnation and sale; and that this fact must affirmatively
appear.    The transcript of the proceedings does not show
that such affidavit was made, subscribed and entered, when
the book was filed in the office of the judge of probate, or at
any time before the proceedings were instituted for the sale
of the lands for taxes.    What purports to be an affidavit is
entered, but it is not certified by the probate judge, or by
any officer authorized to administer an oath, and is not shown
to have been in fact verified.    Besides, it is evident from the
testimony of the tax-collector, that the affidavit entered in
the book in the office of the judge of probate was made and
entered after the lands were sold.    A subsequent affidavit
will not retroact, so as to impart validity to a decree, which
the court was without authority to make at the time it was
made.    The State having acquired no title, none passed by
the deed of the Auditor.—*Fleming v. McGhee*, 81 Ala. 409.

The evidence fails to establish a surrender of the life-
estate, so as to vest in complainants any title, legal or equita-
ble.    It is shown that, in his own name, and not professedly
for complainants, their father rented the lands successively to
James H. Simms and William C. Sims; the latter being in

possession as such tenant at the time James H. Simms purchased from the State, to whom he attorned, and by whose permission he was cutting and selling the timber. There is no evidence that the defendants were ever the tenants of complainants. The case as proved is, that complainants only have an estate in remainder, and that the tenant of the life-tenant is committing waste on the lands, in collusion with another claiming an adverse title, but having none.

There is a fatal variance between the case made by the bill and the case established by the evidence, as to the title and ownership of complainants, and as to the tenancy of the defendants. The right to relief, on the allegations of the bill, and on the facts as proved, depends on different principles. Though the proof may show that complainants are entitled to relief, it can not be granted, unless it is shown that they are entitled to it on the grounds stated in the bill.—*Winter v. Merrick*, 69 Ala. 86; *Munchus v. Harris*, 69 Ala. 506.

The chancellor, regarding the tax-sale as valid, but that the purchaser only acquired the life-estate, granted relief on the corresponding alternative statement of the bill, holding at the same time that complainants were not entitled to relief on the alternative that they owned the entire fee, and that the tax-sale is a nullity. But holding, as we do, the decree of condemnation and sale for the delinquent taxes to be void, the complainants must show a right to relief on the grounds of absolute ownership, and waste committed by the defendants while in possession as *their* tenants. This they failed to show. The decree must be reversed, and the cause remanded, that by leave of the chancellor the bill may be amended to meet the state of the evidence, if complainants are so advised.