Argued 15 February; decided 16 April, 1900.

## HUGHES *v.* LINN COUNTY.

[60 Pac. 843.]

EQUITY—CLOUD—SALE ON VOID TAX PROCESS.

1. Under the general jurisdiction to prevent clouds on titles, equity will entertain a suit to restrain the sale of realty on a void tax process.

AFFIDAVIT ON DELINQUENT TAX ROLL—VOID WARRANT.

2. An affidavit of a sheriff attached to a statement of delinquent taxes, that such statement is correct, and that the taxes in such annexed delinquent list are unpaid, is not in compliance with Hill's Ann. Laws, §§ 2809, 2810, requiring the sheriff to return to the county court a statement of unpaid taxes, and section 2811 declaring that he shall annex thereto an affidavit that the facts set forth in such statement were correct, that the sums returned unpaid were not paid, and that on diligent inquiry he had been unable to discover goods or chattels of the persons charged therewith whereon to levy the same.

COLLECTION OF TAXES—AFFIDAVIT OF SHERIFF.

3. Under the laws of Oregon personal property is the primary fund to be resorted to for the compulsory payment of taxes, and the return of the sheriff on the tax roll is the only evidence to be considered in ascertaining whether the county court had authority to order the sale of realty for unpaid taxes.

COLLECTION OF TAXES—COMPLIANCE WITH STATUTES.

4. Proceedings for the collection of taxes are summary and *ex parte*, and it must affirmatively appear that all statutory requirements have been strictly complied with in order to authorize the sale of land thereunder.

OBJECT OF AFFIDAVIT TO DELINQUENT ROLL.

5. The object of requiring the affidavit described in Section 2811 of Hill's Ann. Laws to be attached to the return of unpaid taxes is to officially convey to the county clerk the information necessary to authorize the issuance of a warrant for the collection of the unpaid taxes from real property, and the warrant cannot legally be issued unless that affidavit accompanies the delinquent roll.

CONSTRUCTION OF ORDER TO COLLECT DELINQUENT TAXES.

6. An order by a county court that the sheriff proceed to levy on and sell al property delinquent for taxes for a certain year is not a compliance with Hill's Ann. Laws, § 2818, providing that all unpaid or delinquent taxes may be collected from the land taxed, or the persons, firms or corporations against whom levied, on the order of the county court directing that a warrant be issued; since such order does not direct the issuance of a warrant for the purpose of collecting such tax from the land taxed.

VOID DELINQUENT TAX WARRANT.

7. A warrant directing the collection of delinquent taxes, issued without the filing of the affidavit required by Section 2811, Hill's Ann. Laws, is void so far as it commands the levy on and sale of real estate.

From Linn : HENRY H. HEWITT, Judge.

Bill by S. A. Hughes and others against Linn County and M. C. Gaines, sheriff, to enjoin the sale of certain real property belonging to the plaintiffs for taxes assessed against a former owner. In 1895 the property in question was owned by and assessed to D. B. Monteith, who thereafter conveyed it to the plaintiffs, in payment and satisfaction of a mortgage. In 1897, the taxes for 1895 not having been paid, the Sheriff of Linn County levied upon the property, and advertised it for sale, when plaintiffs brought this suit on the ground that the process under which he was proceeding was void. It was tried upon a demurrer to the answer, from which it appears that in February, 1896, the assessment roll for the year 1895 was

delivered to the sheriff, with the usual warrant attached, authorizing and directing him to proceed to collect the taxes charged thereon. On June 30 he made a return of the delinquent taxes to the county court, as prescribed by law, with an affidavit attached thereto, as follows :

"STATE OF OREGON,  ⎰ *ss*.
      County of Linn. ⎱

I, J. A. McFeron, Sheriff of Linn County, Oregon, being first duly sworn, say that the foregoing statement is correct. That the sum of taxes for the year 1895 returned as unpaid are unpaid.

      [Signed]                    J. A. McFERON,
                                  Sheriff of Linn County, Oregon.
Subscribed and sworn to," etc.

On July 10, 1896, the county clerk made a list of the taxes returned as unpaid from the delinquent tax roll, as required by statute, and delivered the same to the sheriff, with a warrant attached commanding him to levy upon the goods and chattels of such delinquent taxpayers, or, if none be found, upon the real property set forth in the delinquent list, or so much thereof as would satisfy the amount of taxes, with costs, etc. On the eleventh of June, 1897, the sheriff returned such delinquent list and warrant with the following affidavit attached :

"STATE OF OREGON,  ⎰ *ss*.
      County of Linn. ⎱

I, M. C. Gaines, Sheriff of Linn County, Oregon, being first duly sworn, say that the foregoing statement is correct. That the sum of taxes in the annexed delinquent list of taxes for the year 1895 returned are unpaid.

      [Signed]                    M. C. GAINES,
                                  Sheriff of Linn County, Oregon.
Subscribed and sworn to," etc.

37 OR.—8.

Immediately thereafter the county clerk prepared a list and roll of the taxes then remaining unpaid for the year 1895, including those assessed against Monteith on account of the real property in question, and on September 9, 1897, the county clerk made and entered the following order: "In the matter of the delinquent tax roll for the year 1895, Linn County, Oregon. Now, on this day, it is ordered by the county court that the Sheriff of Linn County, Oregon, proceed to levy on and sell all property delinquent for taxes for the year 1895 on and after the thirtieth day of September, 1897." The delinquent tax list was thereafter delivered to the sheriff, with a certified copy of the order of the county court attached, together with a warrant authorizing and commanding him to proceed to sell the property described in the roll, or so much thereof as was necessary to satisfy the amount of taxes so charged, with costs and expenses thereof; and he was proceeding to execute such warrant when this suit was commenced. Upon the facts the court held that plaintiffs were not entitled to the relief demanded, and they appeal.                                          REVERSED.

For appellants there was a brief over the name of *Weatherford & Wyatt*, with an oral argument by *Mr. James K. Weatherford*.

For respondents there was a brief over the names of *Samuel L. Hayden, H. C. Watson*, and *Whitney & Newport*, with an oral argument by *Mr. Watson* and *Mr. N. M. Newport*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   It is well to observe at the outset that this is not a suit to enjoin the collection of taxes, nor is it a controversy between the taxpayer and the county authorities.

It is a suit brought by the owner of real estate to prevent a cloud upon his title by a sale on a void process for taxes assessed against a former owner ; and therefore *Welch* v. *Clatsop County*, 24 Or. 452 (33 Pac. 934), and similar decisions, holding that a court of equity will not interfere by injunction at the suit of a taxpayer to restrain the collection of a tax merely because of an alleged illegality or irregularity appearing upon the face of the assessment, has no application to the case in hand.  This suit comes within the well-recognized jurisdiction of courts of equity to prevent clouds upon title :  3 Pomeroy, Eq. Jur. § 1398 ; *Johnson* v. *Hahn*, 4 Neb. 139.

2.  The contention for plaintiffs is that the warrant under which the sheriff is threatening to sell their property is void, because the affidavit of June 30, 1896, attached to the return of delinquent taxes, fails to show that the sheriff had not, upon diligent inquiry, been able to discover any goods or chattels belonging to Monteith upon which to levy.  A reference to the provisions of the statute, and to some elementary principles of law, will be sufficient to indicate the soundness of this position. By Section 2794, Hill's Ann. Laws, as amended in 1893 (Laws, 1893, p. 118), the county clerk is required, within fifteen days after the apportionment of taxes, to make a certificate of the several amounts apportioned to be assessed upon the taxable property in his county, etc., and deliver the same to the sheriff, together with a transcript of the assessment roll, to which he shall attach a warrant commanding the sheriff to collect the taxes charged in such list ;  to make the same by sale of the goods and chattels of the respective parties named on such list, if necessary ;  to pay over all money collected by him to the county treasurer, and return such warrant and list to the county court within a specified time.  Sections 2803–2807 provide for the levy upon and sale of the goods

and chattels of the taxpayer in case he shall refuse or neglect to pay the tax imposed on him. Sections 2809–2811 provide that, if any of the taxes mentioned in the tax list shall remain unpaid, and the sheriff shall be unable to collect the same, he shall make out a statement thereof, and submit the same to the county court within a certain designated time, to which shall be attached his affidavit "that the facts set forth in said statement are correct; that the sums therein returned as unpaid are not paid; and that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to the persons charged with such unpaid taxes whereon he could levy the same,—which statement and affidavit shall be filed with the county clerk, and he shall thereupon be credited by the county court with the amount of taxes so returned as unpaid and doubly assessed." Section 2814 makes it the duty of the county clerk, within ten days after such return, to make from the delinquent tax roll a true and correct list of the taxes returned as unpaid, and a correct description of the lands or town lots assessed, if the same can be made, and deliver the same to the sheriff of the county, with a warrant attached commanding him to levy upon the goods and chattels of the delinquent taxpayer, and, if none be found, then upon the real property, as set forth in the tax list, or so much thereof as shall satisfy the amount of taxes so charged, with costs and expenses. Section 2815 provides that a warrant for the purpose of collecting delinquent taxes shall be deemed an execution against property, and be executed and returned in like manner; section 2816, that, if no personal property be found whereon to levy the warrant, or if that levied upon be not sufficient to satisfy the same, it must be levied upon any real property of the person, firm, or corporation against whom the taxes are levied or charged, or sufficient thereof to satisfy such warrant; section 2817,

that, in case of any delinquent tax levied upon real property, the owner being unknown or absent, or having conveyed the same to another by deed or otherwise, the warrant shall be executed by levying upon any property he may own for the amount of taxes levied on all his property in the county.  Section 2818 reads as follows : "All taxes heretofore or hereafter levied by or in any county in this state remaining unpaid or delinquent may, upon the order of the county court directing that a warrant be issued, be collected from the land taxed, or the person, firm or corporation, whether known or unknown, against whom the same were levied by warrant, in the manner and with the effect provided in this chapter for the collection of delinquent taxes."

3.   It is apparent from these several provisions of the statute that personal property is the primary fund to which resort must be had for the compulsory payment of taxes.   There is no power or right given by statute to sell land, except in the event that the sheriff cannot, upon diligent inquiry, discover any goods or chattels belonging to the persons charged with such taxes whereon he could levy the same, and the only evidence of that fact is the affidavit which the officer is required to attach to the delinquent list.   Mr. Burroughs, in discussing this question, says :  "The owners of real estate being primarily liable for the payment of the tax assessed, after the tax list has been placed in the hands of the proper officer for collection, the first step thereafter is an official return by such officer showing the failure to make the tax out of the goods and chattels of the owner, as directed by his precept.   Such a return by the officer is called the 'delinquent list.'   It is returnable to some officer or some court of inferior jurisdiction, or some court of general jurisdiction vested with special powers as to tax proceedings.   The return of this delinquent

list is absolutely essential.    Where the statute prescribes the form of the return, it must be followed, and all requirements as to the time in which it is to be made, and its authentication, must be strictly followed.    If the collector or other officer is required to make oath, it must be complied with, and all facts required to be stated in the affidavit must appear :''   Burroughs, Tax'n, § 111. And Mr. Cooley, in speaking on the same subject, says : '' Where a tax against lands is assessed to a resident, and is a personal charge against him, the statutes, with almost unvarying uniformity, have made the personal property of the person taxed the primary fund for the satisfaction of the tax, and have given a remedy for enforcing payment from it.    Until that remedy has been exhausted, no authority exists to go further.    *   *   * To authorize further proceedings,   *   *   *   there must be the proper official evidence that   *   *   *   the remedy against the personalty is exhausted, and   *   *   * that the taxes are still unpaid.    This evidence will consist of such official return, affidavit, or other document by the collector as the statute may indicate, and it must be made in due form of law, and at the proper time.    A return made prematurely is void, though it be but a single day before the time ; for it shortens to that extent the period allowed to the taxpayer,   *   *   *   and thus deprives him of a legal right.    So a return is void which fails to set forth all the facts that the statute requires shall be shown by it.    If the collector is required to demand the tax, his return, it would seem, should show that he has done so ; if he is required to make collection by distress and sale of goods, if any can be found to levy upon, there should be such a showing of diligent search for goods, and failure to find them, as would be required of officers to whom executions are committed for service. In other words, the return should show full and com-

plete compliance with all the conditions which, under the statute, are to precede a resort to the land.   Such is unquestionably the general conclusion of the authorities :''  Cooley, Tax'n (2 ed.), 454.

4.   This doctrine is but an application of the general rule that in an *ex parte* proceeding for the sale of land under special authority great strictness is required, and it must affirmatively appear that every substantial requisite of the law has been observed.   Proceedings for the collection of taxes are necessarily summary and *ex parte*, and hence the rule is universal that all statutory requirements must be strictly and punctiliously complied with, in order to authorize the sale of land therefor :   Blackwell, Tax Titles (3 ed.), 64, 66 ;  *Thatcher* v. *Powell*, 19 U. S. (6 Wheat. 119);  *Simms* v. *Greer*, 83 Ala. 263 (3 South. 423);  *Wartensleben* v. *Haithcock*, 80 Ala. 565 (1 South. 38). These are practically elementary principles, and do not require a further citation of authorities.

5.   The claim of the defendants, however, is that the affidavit required by section 2811 to be attached to the delinquent list is only for the information of the county court, and as a basis for its settlement with the sheriff. But, in our opinion, the statute is not susceptible of this construction.   The evident object of the affidavit is to form the basis for the subsequent issuance of a warrant authorizing the sale of real property.   As we have already said, personal property is the primary fund to which resort must be had, and it is only when such property of the taxpayer cannot be found, after reasonable diligence, that resort may be had to the real estate.

6.   Again, it is claimed that the county court is authorized and empowered by section 2818 to direct that a warrant be issued for the collection of taxes remaining unpaid or delinquent from the land taxed, without regard to previous irregularities, and that the warrant in question

was issued in pursuance of such an order. The proper construction of the section referred to has often been a mooted question in this court, and no satisfactory interpretation thereof has yet been suggested. But, whatever its significance, an inspection of the order made by the county court in September, 1897, shows that it does not comply with the provisions of the statute by ordering and directing that the tax be collected from the land taxed, and that a warrant issue for that purpose. It is simply an order that the sheriff proceed after a certain date to sell all property delinquent for taxes for the year 1895, which is nothing more than a direction to him to proceed to execute any process in his hands for that purpose.

7. We conclude, therefore, that the failure of the sheriff to make and attach to his return of delinquent taxes the affidavit required by section 2811 renders the warrant subsequently issued void, so far as it commands him to levy upon and sell the real estate. The decree of the court below is therefore reversed, and a decree will be entered here in favor of the plaintiffs.

REVERSED.

Decided 23 April, 1900.