Argued 15 January; decided 3 February, 1902.

## MOORES *v.* CLACKAMAS COUNTY.

[67 Pac. 662.]

EQUITY— VOID TAX-SALE CERTIFICATES AS CLOUDS ON TITLE.

1. A suit in equity may be maintained against a county to remove a cloud upon the title to realty created by tax-sale certificates held by the county, based upon a void assessment, as such suit is not in the nature of a suit to avoid payment of taxes, and in form the suit may be either a technical suit to remove a cloud or one to determine an adverse interest in the land under Section 504 of Hill's Ann. Laws.

2. The distinction between a suit to remove a cloud on a title and a suit to quiet a title or determine an adverse interest is that in the former the pleader should show what the cloud is and why it should be removed, while in the latter it is only necessary to state the rights of the plaintiff and that the defendant claims some interest or estate adverse thereto.

NATURE OF SUIT UNDER SECTION 504.

3. The statutory remedy provided by Section 504 of Hill's Ann. Laws is an enlargement of the equitable remedy to remove a cloud, and may be invoked without waiting for possession to be disturbed by legal proceedings; and it also affords efficient relief against instruments and proceedings, such as tax-sale certificates, void on their face, or, if not thus void, where any attempt to enforce them would necessarily reveal their invalidity, whereas without the statute such instruments and proceedings, because of their patent invalidity, would not constitute a cloud.

PLEADING—DISCLAIMER.

4. In a suit to determine adverse claims to realty a denial that defendant claims any right, title, or interest in the premises except as hereinafter stated, followed by an affirmative defense, is not a disclaimer, since the renunciation is only partial, and the affirmative matter is expressly excepted therefrom.

PLEADING—NECESSITY OF STATING FACTS.

5. The rules of code pleading require parties litigant to state the facts upon which they rely and not to set forth opinions or conclusions; as, for example, affirmative matter set out as a defense in a suit against a county to determine adverse claims to realty arising from void tax-sale certificates held by the county, charging plaintiff with seeking to avoid taxes justly chargeable, without alleging in any manner how or why they were so chargeable, or any facts showing any attempted assessment of any kind, is wholly insufficient for any defensive purpose whatever.

PLEADING—DEPARTURE—EQUITABLE RELIEF.

6. Although the manner of instituting a suit to remove a cloud upon the title to real property and a suit to determine adverse claims thereto is different, it being necessary to set out in the complaint in the former the nature of defendant's claim, whereas in the latter it is only necessary to allege that defendant claims an adverse interest, and call upon him to set it forth, the relief sought in both suits is identical; and hence, in an action to determine adverse claims, wherein defendant declined to disclose the nature of its claim, complainant's reply, disclosing that the adverse claim complained of was a

technical cloud on the title, did not constitute such a departure as would require the suit to be dismissed, but the court, having jurisdiction of the subject-matter, would decree such relief as plaintiff would have been entitled to, had the suit been a technical suit to remove a cloud.

From Clackamas: THOS. A. McBRIDE, Judge.

Suit by Chas. B. Moores against Clackamas County to have certain tax-sale certificates canceled, and for such other relief as might be proper. Plaintiff had a decree, and defendant appealed.                                              AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Harrison Allen,* District Attorney, and *C. D.* and *D. C. Latourette.*

For respondent there was a brief and an oral argument by *Mr. Woodson T. Slater.*

MR. JUSTICE WOLVERTON delivered the opinion.

This suit, as revealed by the complaint, is brought to determine a conflicting or adverse claim to realty. It is alleged that plaintiff is the owner in fee simple of the real property in controversy, consisting of certain blocks and lots in Minthorn Addition to the City of Portland, and that defendant claims some right, title, estate, or interest therein adverse to the title and interest of the plaintiff; that said claim is unlawful and wrongful and without right, by reason whereof plaintiff is greatly embarrassed in the free use, enjoyment, and disposition of the property; that he is unable to state fully the nature of said adverse and conflicting claim, and prays that defendant be required to set it up, etc. The answer "denies that the defendant claims some right, title, claim; or interest in or to the premises described in the complaint, or any part thereof, except as hereinafter stated. Denies that defendant's claim is unlawful, wrongful, or without right. Defendant, further answering, alleges that the plaintiff has failed and refuses to pay any part of the state, county, and school taxes justly chargeable against the premises described in the com-

plaint for the years 1892, 1893, amounting to $906, $1,358.27, and, although no act has hitherto been done by defendant to enforce collection thereof, the plaintiff now seeks by this suit to quiet title solely for the purpose of avoiding such taxes, and contrary to equity and good conscience.'' Thereupon the plaintiff replied, denying the said affirmative allegations, and setting up affirmatively that he derived his title from the Oregon Land Company; that said company on January 10, 1891, conveyed the premises in controversy, with other premises, to one H. P. McNary, as trustee for plaintiff and others, who owned the same in common; that subsequently, to wit, on June 3, 1895, the whole of said premises were partitioned by decree of the Circuit Court of the State of Oregon for Clackamas County, duly made and rendered, and the realty in the complaint herein described set apart to plaintiff in severalty; that in the year 1892 the assessor of Clackamas County assessed the whole of said premises, then belonging to and standing in the name of H. P. McNary as trustee for plaintiff and other persons, to the Oregon Land Company, and that such subsequent proceedings were had in an effort to collect a tax thereon that the whole of said premises, including the realty of plaintiff, was sold to the defendant by the sheriff to satisfy such pretended tax, who on August 8, 1893, issued a certificate of such sale; and that, since the issuance thereof, defendant has been asserting a claim of right and title under it antagonistic to plaintiff's title. Similar facts are set up touching an attempted assessment for the year 1893, whereby an alleged tax of $1,358.27 was levied, and the whole of the premises again sold and bid in by the county, and a like certificate issued to it. The defendant declining to offer any evidence at the trial to substantiate the affirmative allegations of its answer, the plaintiff introduced evidence showing that for the years named all unsold lots in said Minthorn Addition were assessed in gross to the Oregon Land Company, followed by proceedings terminating in the issuance of the sheriff's certificates of sale to the defendant. The decree was in accordance with the prayer of the complaint, and the defendant appeals.

1. It is conceded by counsel for defendant that the assessment forming the basis of the certificates of tax sales against which the plaintiff is invoking the remedial arm of equitable jurisdiction is void and wholly insufficient upon which to base a tax sale, the cardinal contention being that no suit can be maintained against a county or avoid the payment of taxes. But this is not a suit of that nature; the purpose of plaintiff is to get rid of these sheriff's certificates of sale, which he claims are void, not on their face, but under the facts alleged and developed by the evidence. In the case of *Title Trust Co.* v. *Aylsworth,* 40 Or. 20 (66 Pac. 276), where the assessment was not merely irregular, but wholly void, it was held that a subsequent owner was entitled to maintain a suit to remove a cloud created by the certificate of the sheriff based upon void tax proceedings. So, in *Hughes* v. *Linn County,* 37 Or. 111 (60 Pac. 843), it was held that plaintiff had a remedy against the county to enjoin the enforcement of a void process for taxes assessed against the former owner, being a warrant in the hands of the sheriff, under which he was threatening to levy upon and sell the property against which the alleged assessment was made, upon the ground that the sale and consequent further proceedings would becloud the plaintiff's title. Within these authorities, plaintiff is not without a remedy.

2. This brings us to defendant's next contention,—that plaintiff's remedy, if he had any, was by a suit to remove a cloud, and not to quiet title or determine an adverse interest. We have said, as it respects the manner of instituting the proceeding, that a suit to remove a cloud and one to quiet title are essentially different. By the former, a plaintiff is required to set up the nature and purpose of defendant's claim or pretended muniment, so far as he is able, following it with the statement of such facts and circumstances respecting it as will indicate its invalidity, and thereby show his right to have it removed as a cloud (*Teal* v. *Collins,* 9 Or. 89); while in the latter it is only necessary for the pleader, after the necessary averments of title and possession, to allege that defendant

claims an adverse interest or estate, and call upon him to set it forth [*Zumwalt* v. *Madden,* 23 Or. 185 (31 Pac. 400); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Goldsmith* v. *Gilliland* (C. C.), 22 Fed. 865].

3. The statute is an enlargement of the equitable remedy, so that the party in possession, or, under the recent amendment (Laws, 1899, p. 227), where no other person is in possession, may invoke it without waiting for his possession to be disturbed by legal proceedings, or successive or any judgments in ejectment to be given in his favor, as he was required to do at common law; and it affords efficient relief against a void instrument or proceeding so apparent on its face that no intrinsic evidence is necessary to show its invalidity, or where the instrument or proceeding is not thus void, but the party claiming under it, in order to enforce it, must necessarily offer evidence which will inevitably show its invalidity and destroy its equity: 6 Am. & Eng. Ency. Law (2 ed.), 168; *Ellis* v. *Northern Pac. R. R. Co.* 77 Wis. 114 (45 N. W. 811). Without the statute, such an instrument or proceeding was held not to constitute a cloud because of its invalidity, either apparent or necessarily required to be disclosed before it could be utilized to the injury of complainant, although it may in fact operate to his annoyance and positive detriment and prejudice: *Sperry* v. *City of Albina,* 17 Or. 481 (21 Pac. 453); 3 Pomeroy, Eq. Jur. (2 ed.) § 1399. Now, in many instances it is undoubtedly true that the object to be obtained may be accomplished by the adoption of either remedy. In one case the plaintiff sets up the facts showing the cloud and its invalidity, while in the other he calls upon the defendant to set up the character and nature of his claim, that it may be adjudicated upon and its legal effect determined, and thereby have the plaintiff's title quieted. The plaintiff has preferred the latter mode of procedure in the present instance. The defendant by answer denies that it claims any right, title, or interest in the premises, except as subsequently alleged, or that its claim is unlawful, wrongful, or without right, and then alleges that plaintiff has failed to pay certain taxes justly

chargeable against the said premises; and, although no act has hitherto been done by defendant to enforce the collection thereof, plaintiff now seeks to quiet title solely for the purpose of avoiding such taxes.

4. It seems to be insisted that the answer is a disclaimer on the part of the county, but it cannot be so treated. A disclaimer consists in a denial of the insistence upon any claim or right in the thing demanded, and a renunciation of all claim thereto: 1 Beach, Mod. Eq. Prac. § 281. A party may interpose an answer and disclaimer in the same suit, but each must refer to a separate and distinct part of the complaint, and may not be directed to the same matter, as they would be inconsistent, and the disclaimer would then be paramount: 1 Beach, Mod. Eq. Prac. § 281. Defendant denies "except as hereinafter stated," so that there is no absolute disclaimer, such as the rules touching the plea require.

5. By the affirmative matter in the answer, plaintiff is charged with seeking to avoid taxes justly chargeable, not pretending, however, to allege in any manner how or why they are justly chargeable; nor are facts alleged showing any attempted assessment of any kind, presumably relying upon the simple fact that taxes have not been paid upon the realty for the years named, and that it could make no difference whether they had been legally levied or not. It is wholly insufficient for any defensive purpose, and might have been stricken out on motion or disregarded, which left the denials to deal with, and these were probably insufficient to put the plaintiff to the proof that defendant was in fact claiming some title, estate, or interest adverse to the plaintiff's title or estate, except it might be to entitle him to costs; but before proceeding to trial he set up the matter he was entitled to prove if a full answer had been interposed by way of reply, and then established it by proper proof.

6. The facts show that defendant was asserting a right or claim adversely and injurious to the title of the plaintiff, and without legal right or authority, its denials nevertheless to the contrary. The reply may not have been necessary, but

it was not interposed, nor can it be so construed, with a view to obtaining relief different from that sought by the complaint, or to let in different proof, and therefore does not constitute a departure. It merely sets up matters which the defendant was called upon to disclose, but declined to do after making such denials as put the plaintiff to proof of his case. This test may be applied: Suppose the defendant had set up the matter, instead of the plaintiff, and it was admitted to be true; could plaintiff have recovered in this suit, or would he have been remitted to a technical suit to remove a cloud? The remedies are so near of kin that the plaintiff has his choice which to adopt. If he wishes to proceed as for a removal of a cloud, his complaint must disclose such a state of facts as will reveal the existence thereof, under the authorities; but, if he proceeds under the statute to determine an adverse claim, his complaint must show a cause on that theory, and the defendant must disclose his claim or interest, and, if it consists in a technical cloud upon plaintiff's title, we see no reason why he should go out of court and begin anew, when it is shown that he has a clear right to relief, and a court of equity has jurisdiction of the subject-matter. The relief is the same in either event, which is that the plaintiff's title be cleared of the incumbrance or quieted. The decree in this case should simply restrain the defendant from the assertion of any claim, right, or title under and by virtue of the certificates of sale and the tax proceedings upon which they are founded. We do not desire to be understood as enjoining the county from asserting its right, if it has any, to assess a valid tax against these premises and collect it.

These considerations affirm the decree of the court below, and it is so ordered.                                AFFIRMED.