Decided 30 January, rehearing denied 27 February, 1906.

### MOUNT *v.* McAULAY.

83 Pac. 529.

QUIETING TITLE—CLOUD CREATED BY VOID DEED.

1. A suit to remove a cloud from a title may be maintained even if the instrument constituting the cloud is void on its face.

LIMITATION ON SUIT TO QUIET TITLE AGAINST TAX DEED.

2. Sections 3128 and 3146, B. & C. Comp., providing that any action for the recovery of land sold for taxes shall be commenced within three years from the recording of the tax deed, apply only to actions for the recovery of land sold for taxes, and not to suits to quiet title or determine an adverse claim thereto.

IDEM.

3. Section 3135, B. & C. Comp., providing a limitation of two years from the recording of a tax deed for suits to set aside tax sales or remove the cloud on a title created by a tax sale, refers only to deeds given to counties pursuant to purchases by them at delinquent tax sales under the statute.

From Baker: SAMUEL WHITE, Judge.

Statement by MR. JUSTICE BEAN.

This suit was commenced in June, 1905, by Elsie L. Mount against Robert McAulay and others to remove a cloud from title caused by a tax deed, and comes here on appeal from a decree entered on a demurrer to the complaint, which avers that from 1893 to the 16th day of April, 1895, L. O. Stearns was the owner of the premises in controversy, except a right of way 100 feet wide over and across the same, owned and occupied by the Oregon Railway & Navigation Co., for railroad purposes; that prior to the 1st day of March, 1895, Martha E. Hallett and Fred N. Hallett purchased Stearns' interest in such property under a decree foreclosing a mortgage thereon, and received a sheriff's deed on April 16, 1895, which was duly recorded on the 25th of May following; that the Halletts owned and possessed the property, except the right of way referred to, until June 5, 1905, when they sold and conveyed the same to the plaintiff, ever since which time she had been the owner in fee simple and in the possession thereof; that the defendants claim some interest or estate therein by virtue of a tax deed dated September 23, 1899,

and recorded on the 4th of October of the same year, made
in pursuance of a sale by the sheriff of Baker County to
satisfy what purported to be the delinquent taxes assessed
against the property for the year 1895, a copy of which
deed is annexed to and made a part of the complaint; that
such deed is void and of no effect for divers and sundry
reasons set out; that since the execution thereof and prior
to the commencement of this suit the plaintiff tendered
to defendants the amount for which the lands were sold
at tax sale, together with 20 per cent additional thereon,
and all taxes which had been paid by the purchasers after
such sale, together with interest thereon at the rate of 10
per cent per annum from the respective times of payment
of such sums up to the time of the filing of the complaint,
and deposited in court the sum of $75, from which the
above amounts might be paid.                REVERSED.

For appellant there was a brief and an oral argument
by *Mr. Orville Buyland Mount.*

For respondent there was a brief and an oral argument
by *Mr. F. M. Saxton.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. It is admitted by the defendants, if we understand
their position, that the allegations of the complaint are
sufficient, if true, to avoid the tax sale and deed. Their
contention, however, is that, if the tax deed, as plaintiff
claims, is void on its face, it does not create such a cloud
on the title of the plaintiff as will be relieved against by a
court of equity; and that, if it is not so void, this suit is
barred by the short statute of limitations. The fact that
a deed or instrument purporting to convey real estate is
void on its face is no objection to the interposition of a
court of equity, at the suit of the owner who is in posses-
sion, to cancel and annul such deed. A void deed is often
apt to create doubt and uncertainty in respect to the title

of the true owner and to interfere materially with the enjoyment and disposition of his property, and therefore equity will relieve against it: *Murphy* v. *Sears*, 11 Or. 127 (4 Pac. 471); *White* v. *Espey*, 21 Or. 328 (28 Pac. 71); *George* v. *Nowlan*, 38 Or. 537 (64 Pac. 1); *Hughes* v. *Linn County*, 37 Or. 111 (60 Pac. 843); *Moores* v. *Clackamas County*, 40 Or. 536 (67 Pac. 662). And so there is no merit in this objection.

2. If, on the other hand, the deed is not void on its face, we do not think the suit is barred by the short statute of limitations. There are three sections of the statute now applicable to the limitation of actions and suits concerning land sold for delinquent taxes (B. & C. Comp. §§ 3128, 3135, 3146), but one of which, however (Section 3146), was in force at the time the deed in question was made. Sections 3146 and 3128 provide, in substance, that any action or suit for the recovery of land sold for taxes, except where the taxes have been paid or the land redeemed, shall be commenced within a certain definite time; but both of these sections apply only to actions or suits for the recovery of such land, and not to suits to quiet title or determine an adverse claim thereto: *Farrar* v. *Clark*, 85 Ind. 449; *Bowen* v. *Striker*, 87 Ind. 317; *Earle* v. *Simmons*, 94 Ind 573; *Kraus* v. *Montgomery*, 114 Ind. 103 (16 N. E. 153).

3. Section 3135 is section 5 of an act to amend the act of 1893 (Laws 1901, p. 73), authorizing county judges and clerks of school districts to bid in property sold for taxes and to provide for the sale of the same (Laws 1893, p. 28), and the limitation clause therein clearly has reference to suits involving the validity of deeds given by a sheriff for property bid in by the county for delinquent taxes, and which, by this latter act, he is authorized and required to sell. By Section 3, p. 72, of the act of 1901, it is made the duty of the sheriff of every county in the State which had theretofore bid in land for taxes, and to which the county

had acquired title, to sell the same to the highest bidder for cash in manner and form as upon sales under execution, and by Section 4, p. 73, as soon as practicable thereafter, to make to the respective purchasers deeds for the several parcels sold to them. Section 5 declares the force and effect of deeds given by the sheriff at "sales of real property herein provided for," and, after declaring that in any action, suit or proceeding brought to set aside the sale of lands to counties and other public corporations for taxes, or to quiet title against the same, or remove cloud therefrom, the person claiming the ownership as against the purchaser shall tender and pay into court with his first pleading the amount of taxes and costs for which the lands were sold, together with interest thereon, and all taxes and assessments paid by the purchaser since the sale, provides :

"Nor shall any such action, suit, or preceeding be brought unless within two years from the date of record of the deed by the sheriff.'"

As appears from the title and body of the act, it has reference to lands bid in by counties at delinquent tax sales and to the sale and disposition thereof. The only deed therein mentioned or referred to is the one to be given by the sheriff, as provided in Section 4, and therefore the clause quoted necessarily must have reference to such deed, and not to a deed given by a sheriff to a purchaser at a delinquent tax sale.

For these reasons, we think the court below was in error in sustaining the demurrer to the complaint. The questions sought to be litigated can be more intelligently considered after a trial upon the issues tendered by the complaint, and we therefore refrain from expressing any opinion upon the other questions argued by counsel. The decree will be reversed, and the suit remanded to the court below, for such further proceedings as may be proper, not inconsistent with this opinion.            REVERSED.