Argued September 18, reversed September 29, rehearing denied November 10, 1914.

## RICHARDS v. MOHR.

(143 Pac. 1102.)

**Quieting Title—"Cloud on Title."**

1. A cloud on real property is created by an attempted conveyance thereof by a stranger, or by an apparent lien thereon imposed *in invitum* which, if valid, would impair the owner's estate, but which can be shown but only by extrinsic evidence, to be void or inapplicable to the estate in question.

> [As to what is cloud on title and who may maintain suit to remove it, see note in 45 Am. St. Rep. 373.]

**Quieting Title—Pleading—Cloud on Title.**

2. A complaint is insufficient to remove a cloud from the title to real property where it does not set forth the particular muniments constituting the outstanding claim or encumbrance, or allege the invalidity which renders the written evidence void.

**Taxation—Collection of Taxes—Injunction.**

3. Where a suit is brought April 11th to enjoin the enforcement of an alleged illegal tax, but the complaint does not allege that the amount of the tax, which it was admitted was legally levied, was tendered before it became delinquent, it is insufficient, under Section 3682, L. O. L., requiring taxes to be paid on or before the first Monday in April, and making it delinquent if not so paid.

From Wasco: WILLIAM L. BRADSHAW, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

This suit was commenced April 11, 1913, by William D. Richards against A. W. Mohr and Levi Chrisman, to compel the acceptance of a sum of money in full payment of taxes levied on real property and to enjoin the sale of the premises.    The complaint charges generally that the plaintiff is the owner of 538 acres of land in Wasco County, Oregon, particularly describing the real estate; that such property was regularly assessed for the year 1912, and the total tax levied thereon for all purposes was only $145.47; that the plaintiff has tendered that sum to the defendant Chrisman, the sheriff of the county, who refused to accept or apply it in payment of the taxes; that the defendant Mohr caused to be entered on the tax-roll of that county for the year 1912 a pretended assessment of such land in the sum of $167.50 for some alleged demand of his own, when he never had any claim in opposition to the plaintiff or against such real property, or any part thereof, and that plaintiff's land was never assessed for that or any other sum, except as hereinbefore stated; that such entry is an apparent lien upon the real estate and a cloud upon the plaintiff's title thereto when no lien upon the premises exists; and that unless Chrisman is enjoined, he will attempt to enforce the pretended assessment and undertake to sell the land therefor, thereby impairing the title to the real property to plaintiff's great loss and damage.

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit, was overruled, and, the defendants declining further to plead or answer, the relief sought was granted and they appeal.

REVERSED.    REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Bennett, Sinnott & Galloway,* with an oral argument by *Mr. Alfred S. Bennett.*

For respondent there was a brief and an oral argument by *Mr. William H. Wilson.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. A cloud on a title to real property is created by an attempted conveyance thereof by a stranger or an apparent lien imposed thereon *in invitum,* which, if valid, would impair the owner's estate in the premises, but which grant or encumbrance can be shown by extrinsic evidence to be void or inapplicable to the estate in question. A suit to remove such cloud is an endeavor in a court of equity to have declared invalid a seemingly operative instrument, decree, judgment or other proceeding, the weakness of which cannot be disclosed from mere inspection, but recourse must be had to evidence *aliunde,* to render which admissible it is essential to set forth in the complaint the facts constituting such infirmity: *Teal* v. *Collins,* 9 Or. 89; *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004) ; *Shannon* v. *Portland,* 38 Or. 382 (62 Pac. 50) ; *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662); *McLeod* v. *Lloyd,* 43 Or. 260 (71 Pac. 795, 74 Pac. 491).

2. If this suit was designed to remove a cloud from the title to real property, the complaint is insufficient, because it does not set forth the particular muniments constituting the outstanding claim or encumbrance, or allege the infirmities which render such written evidence void: *Shannon* v. *Portland,* 38 Or. 382 (62 Pac. 50).

3. If, however, the suit was instituted to enjoin the enforcement of an alleged illegal tax, the complaint is insufficient for that purpose, for it is not averred when Chrisman was tendered $145.47, the amount of taxes which the plaintiff asserts was legally imposed against his real property. A clause of the statute in force when this suit was commenced reads:

"Taxes legally levied and charged in any year may be paid on or before the first Monday of April following, and if not so paid they shall become delinquent; * * and upon all delinquent taxes there shall be collected from the taxpayer of such taxes, for the benefit of the county, ten per centum as a penalty, and for the benefit of the county or other corporation which shall have an interest in any portion of such taxes interest at the rate of twelve per centum per annum on such taxes from the day on which they became delinquent until their payment * * ": Section 3682, L. O. L.

The alleged tender to the sheriff of the sum of $145.47 as the amount of taxes legally levied may not have been made until April 11, 1913, when this suit was instituted. There would then have accrued a penalty of 10 per cent of the taxes or $14.54, and also interest at the rate of 12 per cent per annum on $145.47 from April 7, 1913, the first Monday in that month, to the 11th day thereof, or 19 cents, making $14.73.

A failure to allege in the complaint when the tender was made, or to aver that a sufficient sum was offered to discharge the taxes, penalty and interest, rendered the initiatory pleading vulnerable to the demurrer interposed, in failing to sustain which and in granting the relief prayed for errors were committed.

It follows that the decree is reversed, and the cause remanded for further proceedings.

REVERSED. REHEARING DENIED.