Argued April 16, affirmed April 27, 1915.

SKELTON v. NEWBERG.*

(148 Pac. 53.)

**Equity—Remedy at Law—Adequacy.**

1. Where a judgment in condemnation proceedings has no legal force, the owner whose land was sought to be taken has adequate remedy at law to recover possession of the property wrongfully taken by plaintiff in the condemnation.

**Quieting Title—Adequacy of Remedy at Law—Cloud on Title.**

2. An owner whose land has been taken under an illegal judgment in eminent domain proceedings may resort to equity to remove the cloud cast on his title thereby.

———————

*The authorities passing upon the effect of remedy at law upon equitable jurisdiction to remove cloud on title are reviewed in a note in 12 L. R. A. (N. S.) 49.        REPORTER.

Appeal and Error—Equitable Relief—Presumptions.

3.   The court, in a suit against a city to remove a cloud from title and to enjoin enforcement of a judgment condemning land of plaintiff, must, in the absence of a bill of exceptions in the condemnation action, assume that testimony was received on the issues of necessity for taking, and inability of the parties to agree on compensation, constituting conditions precedent to maintenance of eminent domain proceedings.   .

Eminent Domain—Proceedings—Verdict—Sufficiency—"General Verdict."

4.   A verdict awarding compensation in condemnation proceedings by a city under Sections 6859, 6860, 6862, 6866, 6871, 6874, L. O. L., regulating the procedure in eminent domain proceedings, and empowering the city to condemn property, is a "general verdict," within Section 152, defining a "general verdict" as that by which the jury pronounces generally on all of the issues in favor of plaintiff or defendant, and is a finding for the city on the issue of necessity for the taking, and inability of the parties to agree on compensation, and sustains a judgment of condemnation.

Eminent Domain—Trial—Verdict—Sufficiency.

5.   Where an action to condemn real estate is tried as any other action at law by a jury, the verdict, in the absence of a statute commanding it, need not describe the property taken.

Judgment—Entry—Time of Entry—Statutory Provisions.

6.   Section 201, L. O. L., providing that the judgment shall be entered by the clerk within the day on which the verdict is returned, is directory only, and a judgment in condemnation proceedings entered 24 days after verdict is valid, within Section 6860, providing that an action to condemn land shall be commenced and proceeded to final determination as an action at law, except as otherwise specially provided.

Eminent Domain—Compensation—Constitutional and Statutory Provisions.

7.   Article I, Section 18, and Article XI, Section 4, of the Constitution, declaring that private property shall not be taken for public use without compensation being first made or secured in such manner as may be prescribed by law, permit the legislature to enact Sections 6871, 6874, L. O. L., authorizing issuance by a city of an order on its treasurer to pay compensation awarded in condemnation proceedings, and an order issued by a city condemning land is sufficient.

From Yamhill: WEBSTER HOLMES, Judge.

Department 1.   Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by George P. Skelton against the City of Newberg, a municipal corporation, to remove a cloud from the title of real property and to enjoin the

enforcement of a judgment, condemning 17.8 acres of the plaintiff's land, with a spring thereon, and the right to all the water flowing therefrom to be used by the city and its inhabitants. A demurrer to the complaint on the ground that it did not state facts sufficient to authorize equitable intervention was sustained, and the plaintiff declining further to plead, the suit was dismissed, and he appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Isaac H. Van Winkle.*

For respondent there was a brief over the names of *Messrs. McCain, Vinton & Burdett, Mr. Clarence Butt* and *Mr. C. R. Chapin,* with oral arguments by *Mr. J. E. Burdett* and *Mr. Butt.*

Opinion by MR. CHIEF JUSTICE MOORE.

It will be sufficient to refer to the alleged irregularities in the condemnation action whereby it is asserted that the judgment rendered therein is invalid, without setting forth the averments of the complaint herein. Copies of the pleadings in that action are made parts of the complaint in the case at bar. In the condemnation action the complaint was in the usual form, particularly describing the land and easement sought to be appropriated, alleging that the City of Newberg was expressly empowered, by an act incorporating such municipality, to condemn private property for a public use, and that it was necessary that the plaintiff should acquire the rights of the defendants, George P. Skelton, Virginia K. Skelton, his wife, and J. J. Jordan, in and to the spring, the stream flowing therefrom, and the real property specified, and that proper agents of the City of Newberg were unable

to agree with the defendants as to the compensation to be paid for the appropriation. The answer admitted most of the averments of that complaint, denied the necessity for the appropriation and the failure of the parties to agree upon the sum of money to be paid therefor, and alleged that the land and easement involved were of the value of $8,000. The reply denied the averments of new matter in the answer, and alleged that the property sought to be condemned was not worth more than $1,000. Predicated on these issues the cause was tried and on April 1, 1911, a verdict was returned as follows: "We, the jury in the above-entitled cause, hereby assess the damages to the defendants herein in the sum of $2,000." Thereupon all further proceedings in the action were postponed, and a recess was taken until the 25th of that month, when the court, reconvening, caused an entry to be made in its journal to the effect that the case came regularly on for hearing upon the plaintiff's motion for judgment on the verdict, whereupon it was found that the City of Newberg had paid the award by its order duly drawn upon the municipal treasurer for $2,000 in favor of the defendants, which order had been deposited for them with the clerk of the court, and thereupon it was considered, ordered and adjudged that all the rights of the defendants in and to Skelton Spring, the stream flowing therefrom, and the premises, particularly describing them, were appropriated by the City of Newberg for the purpose of furnishing the municipality and its inhabitants with a supply of pure water. The complaint herein alleged that from such judgment the defendants took and perfected an appeal, but by reason of the failure of their attorney to file in this court a brief within the time prescribed, and without

the fault or knowledge of either of the defendants, the appeal was dismissed April 1, 1912, and this suit was instituted.

It is maintained that equity will enjoin the taking of private property for a public use, unless the proceedings employed for that purpose have strictly conformed to the requirements of the statute relating thereto; and this being so, the failure of the court accurately to observe all the provisions of the legal mandate in the condemnation action renders the judgment given therein void. The alleged errors relied upon to set such proceeding aside, are: That issues having been made as to the necessity for the appropriation and the inability of the parties to agree upon the compensation to be paid therefor, no finding was made thereon by the jury; that they did not unequivocally find that the defendants were entitled to the damages specified; that the verdict did not explicitly, or by reference to the pleadings, describe the real property condemned; that the judgment was not entered within the day the verdict was returned; and that the municipal order issued by the City of Newberg on its treasurer was not a payment of the sum awarded.

Considering these questions in the order stated, we find a text-writer remarks:

"It is now, almost universally, held that an entry upon private property under color of the eminent domain power will be enjoined until the right to make such entry has been perfected by a full compliance with the Constitution and the law. If the just compensation has not been paid, or deposited as required by law, or if the proceedings under which the right to enter is claimed are invalid for any reason, an entry will be enjoined": Lewis, Em. Dom. (3 ed.), § 901.

This author further observes:

"No relief can be had in equity on account of mere error in the proceedings for condemnation. The proper course in such cases is to appeal. If the right to appeal has been lost by fraud or mistake, equity might interfere in a proper case": Id., § 934.

1, 2. It will be assumed that the complaint herein states facts sufficient to authorize a resort to equity, thereby necessitating an investigation of the condemnation proceedings in order to determine whether or not the provisions of the act, regulating the procedure in such cases, have been observed. If the judgment rendered in that action has no legal force or binding effect the plaintiff undoubtedly has an adequate remedy at law to recover possession of his property, if it has been wrongfully taken or retained by the power of eminent domain: *Illinois Central R. R. Co.* v. *Hoskins,* 80 Miss. 730 (32 South. 150, 92 Am. St. Rep. 612); *Robinson* v. *Southern California Ry. Co.,* 129 Cal. 8 (61 Pac. 947); *McClinton* v. *Pittsburg etc. Ry. Co.,* 66 Pa. 404. In this suit, however, a part of the relief sought by the bill is the removal, from the title to the plaintiff's real property, of the cloud cast thereon by the alleged invalid judgment, to obtain which redress a court of equity alone can afford the proper remedy: *Teal* v. *Collins,* 9 Or. 89; *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662); *McLeod* v. *Lloyd,* 43 Or. 260 (71 Pac. 795, 74 Pac. 491); *Mount* v. *McAulay,* 47 Or. 444 (83 Pac. 529).

3–5. The statute regulating the procedure in condemnation actions declares that whenever any corporation authorized to appropriate lands or easements therein is unable to agree with the owner thereof as to the compensation to be paid therefor, such corporation may maintain an action for the purpose of having the

lands and easement appropriated to its own use and for determining the compensation to be paid therefor: Section 6859, L. O. L. The complaint in such action shall describe the land, right or easement sought to be taken with convenient certainty: Id., § 6862. The defendant in his answer may set forth any legal defense he may have to the appropriation of the real property, and may also allege the true value of the land and the damages resulting from the appropriation thereof: Id., § 6864. The action shall be commenced and proceeded in to final determination in the same manner as an action at law, except as in this title otherwise specially provided: Id., § 6860. Upon payment into court of the damages assessed by the jury, judgment shall be given appropriating the lands condemned to the corporation: Id., § 6866. A municipal corporation authorized and seeking to make an appropriation may proceed, in the mode prescribed in this act, to have such property taken and the compensation therefor estimated and paid, and not otherwise, except that the compensation is to be paid by the deposit in court of an order duly drawn upon the city treasurer for the amount of the compensation: Id., §§ 6871, 6874. Another statute relating to all actions provides generally that if a trial is had by a jury, judgment shall be given in conformity therewith and entered by the clerk within the day on which the verdict is returned: Id., § 201.

It is argued by plaintiff's counsel that, since the jury made no findings that the parties to the action were unable to agree as to the amount of the compensation to be paid for the property to be appropriated, no valid judgment could have been rendered on the verdict in the condemnation proceedings. In *Oregonian Ry. Co.* v. *Hill,* 9 Or. 377, 382, Mr. Chief Justice LORD, in speaking of actions for condemnation, says:

"The initiate of the proceeding lies exclusively with the corporation, and then only when the parties are unable to agree as to the compensation to be paid for the land sought to be appropriated. But when that fact is made to appear in the complaint, accompanied with a sufficient description of the land, the essential requirements of the statute in regard to the complaint have been complied with. The owner then may set up any legal defense to the appropriation of the land, or, omitting such defense, may * * aver the true value of the land, and the damages resulting from the appropriation thereof."

The issues made in the condemnation action and to be considered by the jury were distinct as to the necessity for the appropriation and the amount of the compensation to be paid therefor. In all cases, except controversies between railroads as to the places and manner of their intersection, a proceeding to appropriate land is to be tried by a jury: Sections 6859, 6860, L. O. L. No bill of exceptions in the condemnation action has been brought up in this case, and, in the absence of such authenticated record of the trial of the cause, it will be taken for granted that testimony was received with respect to the issues of necessity for the appropriation and the inability of the parties to agree upon the amount of the compensation to be paid therefor: *Woods* v. *Courtney,* 16 Or. 121 (17 Pac. 745). The jury are presumed to have found every material allegation in the complaint in favor of the plaintiff: *Torrence* v. *Strong,* 4 Or. 39; *Reed* v. *Gentry,* 7 Or. 497; *Shmit* v. *Day,* 27 Or. 110 (39 Pac. 870). The verdict hereinbefore quoted was not special, but the jury pronounced generally upon all the issues: Section 152, L. O. L.; 29 Am. & Eng. Ency. Law (2 ed.), 1002. Every reasonable inference deducible from the pleadings and responsive to the issues was

thereby established: *Foste* v. *Standard Ins. Co.,* 34 Or. 125 (54 Pac. 811).

In proceedings to establish a county road, whereby an easement in private property is sought to be appropriated to a public use, the board of county road viewers must meet, survey and mark out the proposed route, and also make and file a report showing certain particulars: Sections 6281–6288, L. O. L. In cases where viewers or commissioners are appointed to ascertain and report as to some facts required to be established as a condition precedent to the exercise of the right of appropriation, it is usually held that their statement in writing should describe the premises to be taken: Lewis, Em. Domain (3 ed.), § 762. Where, however, an action to appropriate real property is tried as any other action at law, by a jury, it is not necessary, in the absence of a statute commanding it, that the verdict should describe the premises taken. Thus in an action for the condemnation of land, involving several issues, a verdict is sufficient in form which finds in effect that the defendant is entitled to damages in the sum named therein: *Oregon Ry. Co.* v. *Bridwell,* 11 Or. 282 (3 Pac. 684); *Oregon R. & N. Co.* v. *Taffe,* 67 Or. 102 (134 Pac. 1024, 135 Pac. 332, 515).

In the condemnation action referred to, it will be remembered that the jury assessed "the damages to defendants herein, in the sum of $2,000." From an examination of the language employed in the verdict, when construed in connection with the averments of the pleadings, there can be no doubt that it was the purpose of the jury to assess the damages in favor of the defendants, thereby determining the necessity for the appropriation of the entire premises described in the complaint, and the failure of the parties to agree upon the amount of the compensation to be paid.

"Verdicts," says a text-writer, "are not to be construed as strictly as pleadings, but are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided unless from necessity, originating in doubt as to their import, from immateriality of the issue found, or their manifest tendency to work injustice".: 29 Am. & Eng. Ency. Law (2 ed.), 1022.

Such being the case, the verdict in the condemnation action under consideration is sufficient.

6. The judgment appropriating the premises and easement not having been rendered in accordance with the finding of the jury or entered by the clerk within the day on which the verdict was returned, it is insisted that jurisdiction of the cause was thereby lost. The statute providing that an action to condemn land "shall be commenced and proceeded in to final determination in the same manner as an action at law, except as in this title otherwise specially provided," was enacted in 1862: Section 6860, L. O. L.

In *Postal Tel. Cable Co.* v. *Southern Ry. Co.* (C. C.), 89 Fed. 194, in construing clauses of the Code of North Carolina, which ordained the manner of condemning rights of way by telegraph companies, and provided that the subsequent proceedings in certain particulars should be as prescribed in the chapter for condemning lands to the use of railroads, it was held that such reference incorporated into the telegraph statute the provisions of the railroad statute referred to only as they existed at the time of the enactment, and not as thereafter amended, and that the telegraph law was not affected by amendments of the railroad law relating to the contents of the petition or matters preceding its filing, such matters being separately covered by the telegraph law itself. In deciding that case the court says:

"The general rule unquestionably is that, when a statute refers to and adopts an existing law, its purport is confined to the law as it then exists, and does not embrace or include any subsequent modification of it."

To the same effect is the case of *State* v. *Caseday,* 58 Or. 429, 445 (115 Pac. 287, 294), where Mr. Justice Burnett, discussing this question, observes:

"It is a rule of statutory construction in this state that, where the provisions of one statute are incorporated into another by mere reference, a subsequent change in the former will not disturb the terms of the latter."

By the rule thus announced the entry of a judgment was required to be made within two days from the time the verdict was returned. When, however, a motion for a new trial was interposed, within the time prescribed, the recording of the judgment was thereby delayed until the motion was disposed of: B. & C. Comp., § 201. It does not appear from the transcript before us that any motion of that kind was filed in the condemnation action. The statute prescribing the time within which a judgment must be entered was amended February 25, 1907, so as to read:

"If the trial be by jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned": Section 201, L. O. L.

The object of this latter enactment was evidently to fix the time when an oral notice of appeal should be given, and also to impress a lien upon property when a verdict against the owner thereof was returned: *Barde* v. *Wilson,* 54 Or. 68 (102 Pac. 301); *Gearin* v. *Portland Ry., L. & P. Co.,* 62 Or. 162 (124 Pac. 256); *Casner* v. *Hoskins,* 64 Or. 254 (128 Pac. 841, 130 Pac.

55); *Stricker* v. *Portland Ry., L. & P. Co.* (Or.), 144 Pac. 1193. The amendment referred to was undoubtedly designed to enable a judgment creditor to secure his demand which had been established by the verdict against the adverse party. No penalty is attached or forfeiture prescribed for a failure to give or enter a judgment within the day the verdict is returned.

"Statutes," says Mr. Black, "requiring that judgment shall be entered within a limited time after the rendition of a verdict or other determination of the cause are generally directory only, so that the validity of the judgment is not affected by failure to comply with them": 23 Cyc. 839.

We conclude, therefore, that Section 201, L. O. L., as amended, is not mandatory, and that the delay of 24 days in giving and entering the judgment after the verdict was returned was not so unreasonable as to deprive the court of power to determine the matter.

7. It is contended that the statute (Sections 6871 and 6874, L. O. L.) authorizing the issuance of a municipal order by the City of Newberg upon its treasurer for $2,000 and payable to the defendants in the condemnation proceedings, contravenes provisions of the fundamental law of the state, regulating the payments of compensation in cases of appropriations of property. The clauses of the organic act referred to, as far as material, read:

"Private property shall not be taken for public use, * * without just compensation; nor except in case of the state, without such compensation first assessed and tendered": Article I, Section 18 of the Constitution of Oregon.

"No person's property shall be taken by any corporation, under authority of law, without compensation being first made or secured in such manner as may be prescribed by law": Article XI, Section 4 of the Constitution.

From an examination of the latter clause it will be seen that the legislative assembly is empowered to provide for the securing of the payment of compensation for condemnation of property. The fundamental law having expressly granted such authority, its exercise, as evidenced by the sections of the statute referred to, is valid, and the order issued by the City of Newberg is a sufficient compliance with the enactments, since no complaint is made that the order is not worth its face value: *Crane* v. *Oregon R. & N. Co.,* 66 Or. 317 (133 Pac. 810).

Having carefully examined the averments of the complaint in the case at bar, we conclude that the bill did not, and could not, from the questions involved, state facts sufficient to authorize equitable intervention, and such being the case, no error was committed in overruling the demurrer. It follows that the decree should be affirmed, and it is so ordered.    AFFIRMED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.