Argued February 5, affirmed April 7, 1925.

# CHARLOTTE C. WHITNEY v. WALTER H. WHITNEY and WILLIAM HRYSZKO.

(235 Pac. 293.)

**Action—Cancellation of Instruments—Complaint to Cancel Assignment of Contract to Sell Land Held not Demurrable for Misjoinder of Causes or Parties Defendant.**

1. Complaint joining plaintiff's son, alleged to have forged signature of plaintiff to assignment of contract to sell land and party to whom her son assigned contract, as defendants, was not demurrable for misjoinder of causes of suit or of parties defendant, in view of averments that codefendants were joint actors in transaction.

**Pleading—General Demurrer to Complaint, Good in Whole or Part, Should be Overruled.**

2. Where whole of complaint or any part thereof states facts sufficient to constitute cause of action, general demurrer should be overruled.

**Pleading—If Demurrer to Complaint is Overruled and Defendant Answers Over, Complaint Should be Construed Most Strongly in Favor of Pleader.**

3. While objection that complaint fails to state facts sufficient to constitute cause of action is never waived, if demurrer has been overruled, and defendant has answered over, complaint is construed most strongly in favor of pleader.

**Parties—Demurrer to Complaint, Stating Generally That There is Defect of Parties, is Insufficient.**

4. Demurrer to complaint, merely stating generally that there is defect of parties plaintiff and defendant, is insufficient.

**Vendor and Purchaser—No Interest Conveyed by Forged Assignment of Contract to Sell Land, Regardless of Whether Purchaser Thereof Knew of Forgery.**

5. Where assignment transferring contract to buy land from assignee to another person was a forgery, no interest was conveyed to such third person through purchase, regardless of his ignorance of the forgery.

**Deeds—No Title can be Obtained by Either Guilty or Innocent Person Under Forged Deed.**

6. Forged deed is void, and no title can be obtained by either guilty or innocent person under such deed.

1. See 20 R. C. L. 707; 21 R. C. L. 525.
2. See 21 R. C. L. 514.
3. See 21 R. C. L..519.
4. See 21 R. C. L. 522.
6. See 8 R. C. L. 1029.

**Vendor and Purchaser—Forged Contract for Sale of Land is Void.**

7. Forged contract for sale of land is void to transfer interest to either guilty or innocent purchaser.

**Principal and Agent—Assignment of Contract to Sell Land by Agent not Authorized to Execute Writings in Principal's Name not Binding on Principal.**

8. Even if son, assigning, by alleged forgery, contract of mother to purchase land, was her agent, his assignment conveyed no interest to purchaser, in view of fact that he was not authorized to execute writings in her name.

**Quieting Title—Recording Forged Assignment of Contract to Buy Land Held to Constitute Cloud on Title.**

9. Recording by assignee, of forged assignment of contract to buy land, constitutes cloud on title of person whose signature was forged, and entitles her to have title quieted by having such assignment canceled.

**Fraud—Remedy of Assignee of Forged Assignment of Contract to Buy Land Held to be Against Forger and not Against Owner of Contract.**

10. If purchaser of forged assignment of contract to buy land was innocent of wrongdoing, his remedy was against alleged forger, not against owner of contract.

See (1) 1 C. J. 1099, 1100; 9 C. J. 1231 (1926 Anno.). (2) 31 Cyc. 329. (3) 31 Cyc. 82. (4) 31 Cyc. 318. (5) 39 Cyc. 1672 (1926 Anno.). (6) 18 C. J. 191, 243. (7) 39 Cyc. 1229 (1926 Anno.). (8) 2 C. J. 834; 18 C. J. 191. (9) 32 Cyc. 1322. (10) 27 C. J. 8.

From Multnomah: G. F. Skipworth, Judge.

Department 2.

The principal matter involved herein relates to the cancellation of an alleged fraudulent assignment of a contract for the sale of land.

On April 15, 1919, at Portland, Oregon, William McD. Lewis and Bessie Lewis, his wife, made and entered into a contract with Minnie A. Betts, whereby Lewis and his wife agreed to purchase from Minnie A. Betts Lots 4 and 8, in Block 3, Wabash Park, Portland, Oregon, for the agreed price of $2,450, on account of which $250 was paid

8. See 21 R. C. L. 903, 907.
9. See 5 R. C. L. 657.

on the execution of the contract, the balance of the purchase price to be paid at the rate of $25 per month. Thereafter, the vendees named in the contract, for a valuable consideration, assigned it to Charlotte C. Whitney, plaintiff herein, under the name of Lottie Whitney. This contract, together with the assignment thereof, was placed of record in Multnomah County, Oregon. Plaintiff asserts that at a later date her name was wrongfully, unlawfully and feloniously erased from the assignment, and that the name of Walter H. Whitney, plaintiff's son and one of the defendants herein, was placed therein. Some time thereafter, Walter H. Whitney entered into negotiations with his codefendant, William Hryszko, for the purchase of the property by the latter, and on June 24, 1921, defendant Whitney assigned to his codefendant Hryszko the contract for the sale and purchase of the property, which had been lawfully assigned by the vendees, William McD. Lewis and Bessie Lewis, to Charlotte C. Whitney, plaintiff herein. On October 20, 1921, Hryszko placed the assignment of record.

The plaintiff claims that the defendant Whitney, in making the assignment of the contract to his codefendant Hryszko, feloniously forged her name thereto. She asserts that defendant Whitney was not her agent for the sale of the lots; that he had no authority to sell the same; further, that he had no authority to sign her name to any papers relating to the sale of the property, nor to mutilate the assignment from William McD. Lewis and wife to plaintiff, nor to insert his own name therein in lieu of the name of plaintiff. Plaintiff further claims that until a few days prior to the filing of her complaint she had no knowledge of the attempted

transfer of the contract, and that she continued to pay the monthly installments due thereon to Minnie A. Betts until about October 5, 1921, at which time she borrowed sufficient money to pay the balance of the purchase price and received a deed therefor.

On November 7, 1921, plaintiff instituted suit and prayed for a decree canceling an alleged contract between herself and Walter H. Whitney known as a "support contract," and canceling the pretended assignment of the land contract. The defendant Whitney made default. The defendant Hryszko demurred and upon the overruling of that pleading filed an answer and cross-complaint, in which he avers that the plaintiff and her son, Walter H. Whitney, have assigned to him all their right, title and interest in the land contract hereinbefore referred to, and that the plaintiff is estopped from denying the validity of his purchase of that contract. He prays for an order dismissing plaintiff's complaint, and for a decree requiring the plaintiff to execute and deliver to him a conveyance of plaintiff's title in the real property hereinbefore described. The plaintiff, replying, denied the new matter contained in defendant's answer.

Upon trial of the issues, the court made findings of fact and conclusions of law, and, based thereon, decreed that the contract between plaintiff and her son known as the "support contract," be annulled; that the contract for the sale and purchase of Lots 4 and 8, in Block 3, Wabash Park, Portland, Oregon, as described in the pleadings, be canceled, and that the plaintiff be decreed to be the owner in fee simple of that property.

Defendant William Hryszko appeals, assigning a number of errors.                              AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Tyson Kinsell.*

For respondent there was a brief over the names of *Messrs. Crawford & Crawford* and *Mr. W. C. Campbell,* with oral arguments by *Mr. A. M. Crawford* and *Mr. Campbell.*

BROWN, J.—1. The pleading in the case at bar was challenged by demurrer. The defendant demurred to the complaint upon the ground that it appeared from the face thereof that it failed to state facts sufficient to constitute a cause of suit against the defendant Hryszko; "that there is a misjoinder of parties defendant; * * that there is a misjoinder of causes of suit."

The complaint avers facts to the effect that the codefendants were joint actors in the unlawful enterprise of transferring an interest in real property from the plaintiff to one of the defendants by means of a forged writing. It avers a community of interests existing between the defendants at the time of the commission of the alleged fraudulent transaction forming the basis of this suit.

2. It is a well-established rule of pleading that, where the whole of the complaint, or any part thereof, states facts sufficient to constitute a cause of suit, a general demurrer should be overruled: *Waggy* v. *Scott,* 29 Or. 386 (45 Pac. 774); *Jackson* v. *Stearns,* 48 Or. 25 (84 Pac. 798, 5 L. R. A. (N. S.) 390).

3. In the case at bar, a general demurrer filed by defendant William Hryszko was overruled and he answered over. While the objection that a complaint fails to state facts sufficient to constitute

a cause of action is never waived, yet in a case where the demurrer has been overruled and the defendant has answered over, the complaint is to be construed most strongly in favor of the pleader: *Shultz* v. *Shively,* 72 Or. 450 (143 Pac. 1115); *Minter* v. *Minter,* 80 Or. 369 (157 Pac. 157).

In the case of *Oregon & California R. R. Co.* v. *Jackson County,* 38 Or. 589, 597 (64 Pac. 307), a cause wherein the defendant, upon the overruling of its demurrer, had answered, this court, speaking through Mr. Justice WOLVERTON, said:

"The defendants having answered over, all intendments must be indulged in favor of the sufficiency of the complaint, and the question now is: Will it support a decree? When tested by demurrer, the rule is, as counsel suggest, that the allegations are to be construed most strongly against the pleader; but this condition is waived by pleading over, and the question becomes one against all reasonable intendments: *Olds* v. *Carey,* 13 Or. 362 (10 Pac. 786)."

To the same effect, see *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770); *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563); *Savage* v. *Savage,* 36 Or. 268 (59 Pac. 461); *Byers* v. *Ferguson,* 41 Or. 77 (65 Pac. 1067, 68 Pac. 5); *Howard* v. *Horticultural Fire Relief of Oregon,* 77 Or. 349 (150 Pac. 270, 151 Pac. 476).

4. Referring to another point raised by the demurrer: A demurrer merely stating generally that there is a defect of parties plaintiff and defendant is insufficient: *State ex rel* v. *Metschan,* 32 Or. 372, 382 (46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692). However, both Whitney and Hryszko were properly joined as defendants for the purpose of annulling the alleged assignment, and defendant

points to no other person who should have been made a party defendant.

5. The vital point in this case involves the legality of a title conveyed by a false and forged assignment of a contract for the sale of land. By means of forgery and false pretenses, the defendant, William H. Whitney, has attempted to divest title to his aged mother's home from the plaintiff and to invest title thereto in his codefendant. The impelling motive that prompted him in his shameful scheme was his mad desire to possess an automobile. That it was Whitney's hand that wrote the name of his mother at the foot of the assignment appears evident. That he acted without authority when he penned his mother's name to that assignment is equally clear. The mother, plaintiff herein, is an aged widow, in her eightieth year. She says that she had paid for her property largely by means of savings from her pension. The defendant, William H. Whitney, is a son, of the age of fifty years. For some twenty years, he had been residing away from his mother, who seems to have had but little knowledge of his whereabouts or doings. About two years preceding the transaction, however, he returned and took up his residence with her. During these two years he refused to work, but lived off his aged mother's bounty. It is established by the evidence that during the years his mother was supporting the defendant Whitney, he was contriving, planning and scheming to acquire her property.

In the absence of plaintiff's consent, William H. Whitney could not transfer a right in the land which he did not own. Unless the plaintiff is estopped, she must prevail. She never appointed, nor did she

designate, Walter H. Whitney as her agent for the sale or other disposition of her property.

The testimony in this case manifestly shows that the assignment of the land contract to the plaintiff was mutilated by erasing the name of the plaintiff therefrom and substituting the name of the defendant Walter H. Whitney. It is also apparent that the assignment transferring the contract from the plaintiff to the defendant William Hryszko was a forgery. Moreover, the plaintiff avers that the defendant Hryszko knew the same to be forged. But, so far as this case is concerned, whether he knew that the transfer of the contract from the plaintiff to himself was by means of a forged instrument matters not, because a good title to that contract or to the land described therein could not have been conveyed by means of a forged document.

6. It is well settled that a forged deed is a void deed, and no title can be obtained by a guilty or an innocent purchaser under a forged deed: 13 Cyc., p. 591; 18 C. J., par. 176, Deeds; 8 R. C. L. 1029; 4 Thompson on Real Estate, 3650.

It was held by the Supreme Court of Pennsylvania in *Smith* v. *Markland,* 223 Pa. 605 (72 Atl. 1047, 132 Am. St. Rep. 747), that no person can be deprived of his property by a forged deed, no matter what may be the good faith of the grantee who claims under it. In discussing the question, the court there quoted as follows from one of its former cases, in which a forged deed and a false acknowledgment constituted the subject matter of the litigation:

"A decree of a court resulting from the fraud practiced upon Mr. Smith would be a dead letter upon the exposure of it. 'In the eye of the law, fraud spoils everything it touches. The broad seal of the commonwealth is crumbled into dust, as against the interest designed to be defrauded. Every transaction of life between individuals, in which it mingles, is corrupted by its contagion. Why, then, should it find shelter in the decrees of courts? There is the last place on earth where it ought to find refuge. But it is not protected by record, judgment, or decree; whenever and wherever it is detected, its disguises fall from around it, and the lurking spirit of mischief, as if touched by the spear of Ithuriel, stands exposed to the rebuke and condemnation of the law': *Mitchell* v. *Kintzer,* 5 Pa. 216, 47 Am. Dec. 408."

The court also quotes the following from the case of *Reineman* v. *Moon,* 12 Pitts. L. J. (N. S.) 167:

"No man can be deprived of his property by a forged deed or mortgage, no matter what may be the *bona fides* of the party who claims under it."

In the case of *Gross* v. *Watts,* 206 Mo. 373 (104 S. W. 30, 121 Am. St. Rep. 662), wherein the defendants asserted title to certain land in controversy under an erased and mutilated and forged deed, the court, in discussing the validity of a forged deed, said:

" 'It would be a dangerous doctrine, indeed, to hold that one, by forging a deed from his neighbor to himself and putting it upon record, could then, by conveying to a third party having no notice of the forgery, confer upon the latter a good title merely because the record showed the title in the forger. If such were the law, no man's title would be safe. The principles of justice and public policy alike forbid the adoption of such a rule.' (*Pry* v. *Pry,* 109 Ill. 466, 1. c. 476, and cases cited; 2 Jones,

Law of Real Property and Conveyancing, § 1353). * * And it is wholly immaterial whether they had notice of the forgery or not.''

7. If no title can be transferred by means of a forged deed or a forged mortgage, it logically follows that a forged contract for the sale of land is equally void: *Roach* v. *Woodall,* 91 Tenn. 206 (18 S. W. 407, 30 Am. St. Rep. 883); *O. N. Bull Remedy Co.* v. *Clark,* 109 Minn. 396 (124 N. W. 20, 18 Ann. Cas. 413, 32 L. R. A. (N. S.) 519, and note). Also see note, 32 L. R. A. (N. S.) 285.

8. However, the defendant Hryszko claims that his codefendant, William H. Whitney, was the agent of plaintiff. This she denies and asserts that he stole her land contract and forged her name to the assignment. Furthermore, her testimony is corroborated. But, suppose that the son was the agent for the mother: There is no pretense that he was authorized to execute writings in her name. As stated by the Supreme Court of New Jersey:

''The defendant's case is not helped by the fact that the forged indorsement was made or contrived by the plaintiff's agent: *Johnson* v. *Windle,* 3 Bing. (N. C.) (32 E. C. L. R. 112) 225; *Smith, Assignee of Bagnall & Hand* v. *Sheppard,* a MS. case of Lord Mansfield, cited in Chitty on Bills, 261.'' *Buckley* v. *Second National Bank of Jersey City,* 35 N. J. Law, p. 400 (10 Am. Rep. 429).

In that case the court held that the transfer of a writing could not be made without the signature of the assignor. That was forged. The opinion further states that ''the defendant has been negligent in inquiries whether it was their hand or not.'' This appears to fit the facts in the case at bar.

9. The defendant recorded the forged contract, and he asserts that he is the equitable owner of the land described therein. This claim constitutes a cloud upon the plaintiff's title, and she is entitled to the relief prayed for.

10. We have examined all questions presented for our review and conclude that the defendant's remedy, if he is an innocent purchaser, as he asserts, is against his codefendant, and not against the plaintiff. As between Hryszko and Charlotte C. Whitney, the equities are with the latter. We direct the affirmance of the decree appealed from.      AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.