Argued and submitted July 28, 2020, reversed May 5, 2021

Joan M. ALLMAN,
an individual,
*Petitioner-Respondent,*

*v.*

John C. ALLMAN,
an individual,
*Respondent,*

*and*

DEUTSCHE BANK
NATIONAL TRUST COMPANY,
as Trustee for Long Beach Mortgage
Loan Trust 2006-10, an investment trust,
*Respondent-Appellant.*

Washington County Circuit Court
18CV14916; A168782

493 P3d 50

This appeal involves a dispute over the validity of a trust deed encumbering property owned in part by petitioner-respondent Joan Allman. Petitioner-respondent filed a petition to strike the trust deed as an invalid encumbrance under ORS 205.460, contending that John Allman, who signed the deed, had no valid authority to encumber the property. In response, defendant-appellant Deutsche Bank National Trust Company (DBNTC) argued that the invalid encumbrance procedures under ORS 205.460 were not available against DBNTC because it fell into a statutory exclusion to those procedures. The trial court granted petitioner-respondent's petition and struck DBNTC's lien. *Held*: DBNTC is within the group of persons against whom the procedures of ORS 205.460 are not available. Accordingly, the trial court erred in striking the trust deed under that statute.

Reversed.

Janelle F. Wipper, Judge.

Matthew R. Cleverley argued the cause for appellant. Also on the briefs was Fidelity National Law Group.

Thomas R. Rask, III, argued the cause for respondent. Also on the brief was Kell, Alterman & Runstein, L.L.P.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Reversed.

**KAMINS, J.**

This appeal involves a dispute over the validity of a trust deed encumbering property owned in part by petitioner-respondent Joan Allman. Respondent-appellant Deutsche Bank National Trust Company (DBNTC) appeals the trial court's order striking its lien on the property as an invalid encumbrance under ORS 205.460. We conclude that the invalid encumbrance proceeding is not available against DBNTC and therefore reverse.

## I.   BACKGROUND

We begin with the legal context of the dispute, including the history and purpose of the invalid encumbrance statutes. We then describe the factual and procedural history of DBNTC's trust deed on Joan's property and the trial court's order striking that lien. Finally, we apply ORS 205.460 to the facts of this case.

A.   *Removing Encumbrances from Property without the Invalid Encumbrance Statutes*

There are several actions available to property owners seeking to remove competing claims to their property. Generally, the owner of a property may challenge encumbrances on that property through a quiet title suit. *See* ORS 105.605 (providing that "[a]ny person claiming an interest *** in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest *** therein for the purpose of determining conflicting or adverse claims[ or] interests"). Quiet title suits provide "an easy and simple method by which one having a substantial interest in real estate, but who cannot maintain an action at law against another claiming an interest adverse to him, may require such claimant to appear in a court of equity, and *** have [the competing claims] adjudicated." *Savage v. Savage*, 51 Or 167, 170, 94 P 182 (1908).

In addition to suits to quiet title, a property owner may file a suit to remove "a cloud on title," which enables the property owner to remove an encumbrance that is "apparently valid, but, in fact, [is] without foundation, and is therefore capable of injuring the marketability of the title."

*Anderson v. Guenther*, 144 Or 446, 463, 25 P2d 146 (1933) (on rehearing). A property owner may use a suit to remove a cloud on title to "have declared invalid a seemingly operative instrument, decree, judgment, or other proceeding, the weakness of which cannot be disclosed from mere inspection, but" which "can be shown by extrinsic evidence to be void or inapplicable to the estate in question." *Richards v. Mohr*, 73 Or 57, 59, 143 P 1102 (1914).

If a property owner has not filed a suit to quiet or remove a cloud from title before the owner of a competing claim attempts to foreclose on the property, the property owner may raise an affirmative defense to that action, such as illegality or fraud. ORCP 19 B. Forgery provides one such affirmative defense. *See Whitney v. Whitney*, 114 Or 102, 109, 235 P 293 (1925) ("It is well settled that a forged deed is a void deed, and no title can be obtained by a guilty or innocent purchaser under a forged deed."). Thus, whether a property owner becomes aware of the claim on her property before or after a party purporting to encumber that property initiates judicial foreclosure proceedings, the property owner has several avenues to defend herself from that encumbrance.

B.  *The Invalid Encumbrance Statutes*

In 1997, the legislature added another tool to the property owners' arsenal: the invalid encumbrance statutes, ORS 205.450 to 205.470. Those statutes were "proposed by the Oregon Department of Justice in response to anti-government activities that [had] escalated recently in Oregon and in other states." Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Jan 29, 1997, Ex D (statement of Assistant Attorney General Brenda JP Rocklin). The invalid encumbrance statutes were proposed as a solution to "anti-government activists" who file "documents in response to governmental action that might impose a liability on the citizen[—]e.g., a traffic citation or a lien for overdue taxes or fees." *Id.* Those documents are difficult for court clerks to recognize "because the anti-government activists create their own 'legal' doctrine, misstate accepted legal principles, use legal terms in a novel fashion, and attribute great significance to symbols

that have no recognized legal effect." Exhibit 3, House Committee of Judiciary, Subcommittee on Civil Law, HB 2318, Dec 4, 1996 (letter from Attorney General Theodore R. Kulongoski).

The bill created a mechanism by which public officials could clear invalid "common law liens" and "UCC filings" that have no basis in law and are filed "not with the hope of obtaining money, but to harass, annoy, intimidate, or threaten the government official that is targeted." Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Jan 29, 1997, Ex D (statement of Assistant Attorney General Brenda JP Rocklin). Although inspired by claims against public officials, the bill "establish[ed] an expedited and simple procedure for clearing invalid encumbrances from title to property for *any* person whose property is subject to an invalid claim of encumbrance. *Id.* (Emphasis in original.)

Under the procedures set forth in the invalid encumbrance statutes, a person may file a petition "for an order, which may be granted *ex parte*, directing the encumbrance claimant to appear at a hearing before the court and show cause why the claim of encumbrance should not be stricken and other relief * * * should not be granted." ORS 205.460(1). The statutes define an invalid encumbrance as one that is not (1) "an encumbrance authorized by statute"; (2) "a consensual encumbrance recognized under [Oregon law]"; or (3) "an equitable, constructive or other encumbrance imposed by a court of competent jurisdiction." ORS 204.450(5), (8). That description of validity reflects the legislature's concern with "purported common law liens" and "improper UCC filings," which were filed without legal authority and were, upon knowledgeable inspection, invalid on their face. Exhibit 3, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Dec 4, 1996 (letter from Attorney General Theodore R. Kulongoski). Because those were the type of invalid encumbrances which the legislature was attempting to address—encumbrances by individuals who rely on a bespoke interpretation of legal authority—the statutes also include a list of persons against whom the statutory procedures cannot be used, such as banks, financial holding companies, credit unions, mortgage companies,

and government officers, agencies, and departments. ORS 205.460(7), (8).

C.  *History of the Subject Property and DBNTC's Trust Deed*

The subject property was purchased in 2000 by John Allman,[1] while Joan and John were married. Ownership of the property shifted several times between Joan and John in the years since John made the original purchase. In 2006, John took out a loan with Washington Mutual Bank ("WaMu") to refinance his original purchase loan. John secured the 2006 loan by granting a trust deed in the property to WaMu;[2] WaMu assigned that deed to DBNTC, as trustee for Long Beach Mortgage Loan Trust 2006-10, in 2007, and John defaulted on the loan in 2012. DBNTC then foreclosed on the trust deed and received a stipulated foreclosure judgment against John and a limited judgment against Joan and any others with an interest in the property in 2014. John did not appeal the stipulated foreclosure judgment, and Joan did not appeal the limited judgment.

D.  *Joan Allman's Petition to Strike DBNTC's Trust Deed*

Despite the 2014 foreclosure judgment, in 2018, Joan filed a petition to strike the 2006 WaMu trust deed as an invalid encumbrance on the property under ORS 205.460. Joan alleged that the trust deed was invalid because John did not have any right to encumber the property in 2006. Instead, she contended that the property was owned by her alone at that time. According to Joan, the 2006 deed was the product of a forgery: John had forged a deed granting himself an estate by the entirety in the property, which he used to encumber the property with the 2006 trust deed. To support her petition, Joan submitted an affidavit from John attesting to having committed forgery. Joan argued

---

[1] John does not appear on appeal.

[2] A trust deed is an instrument that secures a loan by granting the loan creditor an interest in the loan debtor's property. That interest is held in trust; however, if the loan debtor defaults, the trustee may foreclose on the property. *See* ORS 86.705(8) ("'Trust deed' means a deed executed in conformity with ORS 86.705 to 86.815 that conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor or other person named in the deed owes to a beneficiary.").

that, because the underlying deed granting John the right to encumber the property was forged, it was void, and any encumbrance he made was consequently void as well.

In response, DBNTC argued that Joan's petition was barred by claim preclusion, issue preclusion, the statute of limitations, and/or laches. DBNTC also argued that it is exempt from a claim brought under ORS 205.460, and, accordingly, the trial court did not have the authority to grant the petition. The trial court did not explicitly address the merits of DBNTC's contention that the court did not have the authority to strike its trust deed under the invalid encumbrance statutes. However, apparently concluding that it did have the requisite authority, the trial court struck DBNTC's encumbrance.

On the issue of DBNTC's jurisdictional argument, the court stated that DBNTC provided only "an attorney declaration attaching public records from a previous Foreclosure Action concerning the Property. DBNTC produced no sworn statement from any nonattorney with direct evidence of the WaMu Deed of Trust, the loan documents, or DBNTC's relationship to the beneficial interest in the WaMu Deed of Trust." The trial court also explained that it was striking the trust deed because Joan provided "substantial evidence that the John C. Allman Deed" was forged and "[f]orged documents are void *ab initio* under Oregon law." Accordingly, the court concluded that the WaMu deed "did not attach to or validly encumber Property because it was owned solely by [Joan]" at the time of its execution. The court noted that "DBNTC did not dispute this point and offered no evidence to rebut Petitioner's evidence of [the] forgery."

DBNTC appeals the general judgment striking its trust deed, as well as the trial court's subsequent order denying DBNTC's motion for relief from that judgment under ORCP 71 B and the supplemental judgment and money award against DBNTC. This appeal requires us to consider, first, whether DBNTC is exempt from an ORS 205.460 action. As explained below, we conclude that DBNTC is exempt and that, consequently, the trial court was not authorized to enter a judgment striking and releasing DBNTC's trust deed from the property.

## II.   STANDARD OF REVIEW

We review the trial court's interpretation of ORS 205.460 for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with any relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

## III.   ANALYSIS

As described above, the ORS 205.460 procedures are "not available against a person lawfully conducting business as *** [a]n institution, a national bank, an out-of-state bank or an extranational institution, as those terms are defined in ORS 706.008, a savings bank, a federal savings bank or a subsidiary of an entity described in this paragraph[.]" ORS 205.460(7)(a).

DBNTC contends that it meets the definitions of both "national bank" and "out-of-state bank" under ORS 706.008. A "bank" is "a company, other than an extranational institution, that accepts deposits that the Bank Insurance Fund insures to any extent under the provisions of the Federal Deposit Insurance Act[.]" ORS 706.008(1). Additionally, a "national bank" is "a bank that was organized under the provisions of the National Bank Act" and an "out-of-state bank" is "an out-of-state state bank or an out-of-state federal bank." ORS 706.008(12), (23). As explained below, we agree that DBNTC is a bank for the purposes of ORS 205.460(7)(a).[3]

---

[3] DBNTC also assigns error to the trial court's refusal to consider its supplemental response to Joan's petition to strike DBNTC's encumbrance as untimely. However, the court accepted the parties' oral arguments on the issue at both the show cause hearing and the attorney fee hearing. Accordingly, the substantive issue is properly within our consideration, and we do not reach the timeliness issue. *See State v. Taylor*, 198 Or App 460, 469, 108 P3d 682, *rev den*, 339 Or 66 (2005) (An issue is properly before an appellate court if "the appealing party's statements before the trial court *** alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal."). Additionally, because we conclude that the trial court did not have the authority to strike DBNTC's trust deed through the procedures set out in ORS 205.460, we do not address DBNTC's additional assignments of error.

DBNTC's charter documents, which indicate that DBNTC, originally chartered as "BT Trust Company of California, National Association," is a "national banking association formed under the laws of the United States and is authorized thereunder to transact the business of banking."[4] As such, DBNTC is a national bank as defined by ORS 706.008(12) and therefore is not subject to the procedures set out in ORS 205.460.

Additionally, ORS 205.460(7)(a) provides that "a subsidiary of an entity" in the list of exempt persons is also exempt from the invalid encumbrance statute. Joan argues that, although "Deutsche Bank might well be 'lawfully conducting business' as 'a bank' when acting in its own capacity, Deutsche Bank is legally distinct from the Deutsche Bank National Trust Company," but she does not dispute that DBNTC is a subsidiary of Deutsche Bank, a national bank.[5]

Thus, DBNTC is within the group of persons against whom the procedures of ORS 205.460 are not available, and the trial court did not have the authority to strike the deed of trust held by DBNTC under that statute. Our interpretation is consistent with the legislature's intent that the expedited invalid encumbrance procedures are available to strike spurious encumbrances sought by antigovernment activists, not facially valid encumbrances held by financial institutions. Accordingly, we reverse the trial court's general judgment, which granted Joan's petition to strike and release the encumbrance created by the deed of trust, as well as the supplemental judgment awarding Joan attorney fees as the prevailing party in that action.

Reversed.

---

[4] Joan contends that the documents that DBNTC submitted were not authenticated by declaration or affidavit and that DBNTC did not otherwise present any evidence that it was "lawfully conducting business" as "a bank" as described in ORS 205.460(7). DBNTC responds, and we agree, that the documents at issue are public records—indeed, the trial court described them as such—and, accordingly, do not require extrinsic evidence of authenticity. *See* ORS 40.570; ORS 40.510.

[5] Because DBNTC is either a bank or a subsidiary of a national bank, we reject Joan's argument that DBNTC is acting as a "trust company" rather than a bank without further discussion.