No. 486          June 3, 2026          259

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CALAVERAS II, LLC,
an Oregon limited liability company;
Cottages at Village Park, LLC,
an Oregon limited liability company;
Scholls Development, LLC,
an Oregon limited liability company;
and Saiid Behboodi and Bahram Behboodi, individuals,
*Petitioners-Respondents,*

*v.*

EASTSIDE BEND, LLC,
an Oregon limited liability company,
and Gary G. Miller, an individual,
*Respondents-Appellants.*

Deschutes County Circuit Court
20CV12219; A184616

Alicia N. Sykora, Judge.

Argued and submitted September 11, 2025.

Michael H. McGean argued the cause for appellants. Also on the briefs were Foreman Sturm & Thede LLP.

Michael W. Peterkin argued the cause for respondents. Also on the brief were Peterkin Burgess and Stephanie C. Kucera and Hart Wagner LLP.  .

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

_____
   * Lagesen, Chief Judge *vice* Armstrong, Senior Judge.

**HELLMAN, J.**

Respondents Eastside Bend, LLC (Eastside) and its sole member, Gary Miller, appeal a general judgment granting a petition to strike invalid claims of encumbrance and awarding damages, and a supplemental judgment awarding fees and costs. Petitioners Calaveras II, LLC (Calaveras), Cottages at Village Park, LLC (Cottages), Scholls Development, LLC (Scholls), and Saiid and Bahram Behboodi (the Behboodis), are owners of 53 lots in a planned community against which respondents filed notices of *lis pendens*. The trial court granted their petition to strike the notices of *lis pendens*, and awarded petitioners statutory damages in the amount of $265,000 and attorney fees and costs.

On appeal, respondents raise two assignments of error. First, respondents argue that the trial court erred in striking the notices of *lis pendens* pursuant to ORS 205.460 because they were valid claims of encumbrance. Second, respondents argue that the trial court erred in awarding petitioners the $5,000 minimum in statutory damages under ORS 205.470 on a lot-by-lot basis.

We conclude that the trial court properly struck and released the notices of *lis pendens* because they were invalid encumbrances. In addition, we determine that, under the circumstances here, ORS 205.470 permits the award of its minimum statutory damages on a lot-by-lot basis, and therefore the trial court's damages award is without error. Accordingly, we affirm.

## I.   LEGAL FRAMEWORK

To orient the reader to the real property issues in this case, we first summarize the applicable legal framework before discussing the case-specific facts. This case principally revolves around the interaction of three statutes: ORS 93.740, the *lis pendens* statute, and ORS 205.460 and ORS 205.470, the invalid encumbrance statutes.

Under ORS 93.740, a party in a lawsuit involving "title to or any interest in or lien upon real property" may record a "notice of the pendency of the action," or a notice of *lis pendens*, in the county in which the real property is

located. ORS 93.740(1). The filing of a notice of *lis pendens* "give[s] constructive notice to one dealing with real property that is the subject of pending litigation that he does so *subject to the outcome of that litigation*"; in other words, the notice ensures that a party's claimed interest in real property "will not be disturbed by certain other, subsequently recorded (or never recorded) claims to the same property, so long as [that party] ultimately prevails in the litigation." *Vukanovich v. Kine*, 251 Or App 807, 813, 285 P3d 733 (2012), *rev den*, 353 Or 203 (2013) (emphasis in original). A notice of *lis pendens* thus alerts those interested in purchasing the affected real property to review the pending action and fully assess the associated risks before buying the property. *Indian Ridge I, LLC v. Lenahan*, 314 Or App 715, 724-25, 497 P3d 806 (2021). ORS 93.740 establishes the requirements for filing notices of *lis pendens*; among other things, the notice must include "the object of the suit." ORS 93.740(1).

We next turn to ORS 205.460 and ORS 205.470, which are part of a set of statutes addressing invalid claims of encumbrance, or what we have referred to as the "invalid encumbrance statutes." *Allman v. Allman*, 311 Or App 198, 201, 493 P3d 50 (2021). ORS 205.460 authorizes a person whose property is bound by an "invalid claim of encumbrance" to petition a court to order the encumbrance claimant to attend a hearing and "show cause why the claim of encumbrance should not be stricken." ORS 205.460(1). An "encumbrance" refers to a "claim, lien, charge or liability attached to and binding property." ORS 205.450(1). A "valid claim of encumbrance" is one that is "authorized by statute," among other things. ORS 205.450(8)(a). An "invalid claim of encumbrance" is "a claim of encumbrance that is not a valid claim of encumbrance." ORS 205.450(5). Importantly, a notice of *lis pendens* affecting real property can qualify as a claim of encumbrance under the invalid encumbrance statutes. *See Vukanovich*, 251 Or App at 813-14, 816 (affirming the trial court's authority to strike an improperly recorded notice of *lis pendens* under ORS 205.460).

After holding a show-cause hearing, a court must, under ORS 205.460, order a notice of *lis pendens* stricken and released if it determines that the notice is an invalid

encumbrance. ORS 205.460(1), (6). Upon striking an invalid encumbrance, the court may also award attorney fees, costs, and damages to a prevailing petitioner under ORS 205.460(6) and ORS 205.470. ORS 205.470 provides a minimum statutory damages award of $5,000 against "[a]ny person who knowingly files, or directs another to file, an invalid claim of encumbrance" to "the owner of the property bound by the claim of encumbrance."

In sum, a litigant may record a notice of *lis pendens* that encumbers an owner's real property where an underlying lawsuit involves "title to or any interest in or lien upon" that property. ORS 93.740(1). However, the affected property owner may petition a court to strike an improperly recorded notice of *lis pendens* as an invalid claim of encumbrance. ORS 205.460(1). If the court strikes the notice, the property owner may be entitled to attorney fees, costs, and statutory damages from the recorder of the invalid notice of *lis pendens*. ORS 205.460(6); ORS 205.470.

## II.  FACTS

We next turn to the relevant facts, which are brief and undisputed. Eastside is the purported declarant, or creator, of a planned community under the Oregon Planned Community Act (OPCA), ORS 94.550 to 94.783. *See* ORS 94.550(9) (defining "declarant" as "any person who creates a planned community under [the OPCA]"). Petitioners are real estate developers who own 53 individually titled lots in that community; those lots are subject to the community's "Declaration of Protective Covenants, Conditions and Restrictions" (CC&Rs).[1] Petitioners began constructing townhouses on their lots without obtaining prior design approval from the community's Architectural Review Committee, which Eastside considered a violation of the CC&Rs. Eastside, pursuant to its purported status as sole declarant, filed an action for injunctive relief against petitioners that sought to enjoin construction and enforce the CC&Rs related to design review and approval.[2] Eastside

---

[1] The record indicates that Calaveras owns 11 lots, Cottages owns 32 lots, Scholls owns 5 lots, and the Behboodis own 5 lots.

[2] Although it does not bear on our resolution of this dispute, we note that in *Eastside Bend, LLC v. Calaveras II, LLC*, 349 Or App 550, __ P3d __ (2026),

then recorded a notice and an amended notice of *lis pendens* under ORS 93.740 based on that underlying suit (collectively, the Notices) that attached to petitioners' 53 lots. The Notices stated, "The object or nature of this action is: Enforce lien of Covenants, Conditions and Restrictions on real property and enjoin construction in violation of CC&R[s] lien on real property."

In response, petitioners filed a petition under ORS 205.460 that requested that the trial court strike and release the Notices, award attorney fees and costs, and award statutory penalties under ORS 205.470.

The trial court held a show-cause hearing. Respondents argued that the Notices were valid claims of encumbrance because the Notices were valid under ORS 93.740 as notices of pending litigation that implicated both a CC&Rs "lien" related to design control and an "interest in" petitioners' lots. In a letter opinion, the court rejected respondents' position, concluding that respondents failed to demonstrate that they either have a CC&Rs lien or "any interest in" petitioners' lots, and that, therefore, the Notices were not valid under ORS 93.740. The court thereafter issued an order that struck the Notices as invalid claims of encumbrance, as required by ORS 205.460(6), and awarded petitioners attorney fees and costs. The court also found that respondents had "knowingly" caused the filing of the invalid encumbrances and awarded damages under ORS 205.470, with the amount "to be determined by separate order(s)."

After the trial court issued its ruling, we issued our opinion in *Indian Ridge I, LLC v. Lenahan*, 314 Or App 715, 497 P3d 806 (2021), in which we construed the phrase "any interest in" under ORS 93.740 to cover a writ of review proceeding challenging a land partition, given the particular circumstances presented. Based on that case, among other things, respondents sought reconsideration of the trial court's order. The parties also filed opposing memorandums

___

which addresses counterclaims raised in the underlying suit, we determined that Eastside is—and always has been—the sole declarant of the planned community. In addition, in *Eastside Bend, LLC v. Calaveras II, LLC*, 323 Or App 313 (2022) (nonprecedential memorandum opinion), we affirmed the earlier dismissal of Eastside's single claim for injunctive relief.

on whether ORS 205.470 permits the award of statutory damages for each lot affected by the Notices.[3]

In a second letter opinion, the court concluded that *Indian Ridge*, which addressed only the meaning of "any interest in *** real property" under ORS 93.740, did not affect its prior analysis of the Notices' validity, because the Notices referred only to a lien on real property and did not assert "any interest in" real property. The court characterized its discussion in its first letter opinion regarding whether respondents have "any interest in" petitioners' property as "*dicta* [that] could be deemed superfluous by reviewing courts." The court also concluded that minimum damages under ORS 205.470 "are $5,000 on each lot subject to an invalid encumbrance."

The trial court entered a general judgment that granted petitioners' petition, struck the Notices as invalid encumbrances from each of petitioners' 53 lots, and awarded statutory damages in the amount of $5,000 per lot unlawfully encumbered, or $265,000 in total, to petitioners and against respondents, jointly and severally. The court later entered a supplemental judgment that awarded attorney fees and costs to petitioners.

Respondents appeal from the general judgment and supplemental judgment.

## III.   ANALYSIS

A.   *The notices of* lis pendens *were invalid claims of encumbrance.*

In their first assignment of error, respondents argue that the trial court erred when it granted the petition and struck and released the Notices under ORS 205.460, because the Notices were valid under ORS 93.740. In making that argument, respondents do not dispute that a court

---

[3] Throughout this litigation, petitioners have consistently argued that statutory damages are awarded on a per-lot basis. It appears that respondents argued below that statutory damages should instead be assessed as a single $5,000 amount per petition, per invalid encumbrance. On appeal, we understand respondents to argue that each affected owner may recover $5,000 per invalid encumbrance. Although their proffered alternative interpretation has changed slightly, we observe that respondents have consistently maintained their position that statutory damages may not be assessed on a per-lot basis.

has the authority under ORS 205.460 to strike and release notices of *lis pendens* that fail to comply with the terms of ORS 93.740, which is the authorizing statute for notices of *lis pendens*. *See* ORS 205.460(6) (requiring a court to "issue an order striking and releasing" an invalid claim of encumbrance); ORS 205.450(5) (defining "invalid claim of encumbrance" as "a claim of encumbrance that is not a valid claim of encumbrance"); ORS 205.450(8)(a) (defining "valid claim of encumbrance" as one that is "authorized by statute," among other things); *see also Vukanovich*, 251 Or App at 813-16 (so holding). Rather, respondents assert that the Notices were authorized under ORS 93.740, and therefore were valid encumbrances and could not be struck as invalid encumbrances under ORS 205.460.

As a result, what we must determine on appeal is whether the Notices were valid—that is, authorized by statute—under ORS 93.740. We review the trial court's determination as to the validity of a notice of *lis pendens* under ORS 93.740 for legal error. *Indian Ridge*, 314 Or App at 721. As explained below, we conclude that the trial court correctly determined that the Notices were not valid because they did not include "the object of the suit," as required by ORS 93.740; specifically, the Notices claimed that the object of the underlying action was to enforce a lien, when no such lien existed.

To evaluate whether the Notices were statutorily authorized, we start with the statutory requirements set out in ORS 93.740(1), which provides:

"In all suits in which the title to or any interest in or lien upon real property is involved, affected or brought in question, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may have recorded by the county clerk or other recorder of deeds of every county in which any part of the premises lies a notice of the pendency of the action containing the names of the parties, the object of the suit, and the description of the real property in the county involved, affected, or brought in question, signed by the party or the attorney of the party. From the time of recording the notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises

of the party filing the notice. The notice shall be recorded in the same book and in the same manner in which mortgages are recorded, and may be discharged in like manner as mortgages are discharged, either by such party or the attorney signing the notice."

Important for our purposes are the requirements that the notice of *lis pendens* relates to underlying litigation "in which the title to or any interest in or lien upon real property is involved, affected or brought in question," and that the recorded notice include "the object of the suit." ORS 93.740(1).

On appeal, respondents' argument is focused on the nature of their lawsuit, which they argue involved multiple "interests" in real property, including Eastside's interest in the planned community as the declarant and in enforcing the CC&Rs, which are reciprocal interests in real property that affect all the lots in the community. Respondents further argue that the Notices' "unartful" reference to the CC&Rs being a lien does not matter, because the purpose of noticing the underlying lawsuit, which involved an interest in the real property, was served.

We disagree with respondents' arguments. Again, the purpose of a notice of *lis pendens* "is to give constructive notice to one dealing with real property that is the subject of pending litigation that he does so subject to the outcome of that litigation." *Pedro v. Kipp*, 85 Or App 44, 47, 735 P2d 651, *rev den*, 303 Or 699 (1987). And as we have explained, when statutory requirements are met, "the notice is a 'claim' or 'charge' that attaches to property *** [and] 'binds' the property because persons who attempt to record an interest in the property after the plaintiff's notice is recorded will be bound by the judgment in the underlying litigation." *Vukanovich*, 251 Or App at 813-14. That is, the notice of *lis pendens* is the claim of encumbrance itself, which underlines the importance of being accurate in a notice of *lis pendens*.

Notably, ORS 93.740 does not require that a notice of *lis pendens* identify which of the three "theories" is implicated by the underlying action; that is, there is no statutory requirement that the notice of *lis pendens* expressly name whether the underlying suit involves "title to," or "any

interest in," or "lien upon" the encumbered real property. Rather, ORS 93.740 requires that the notice include "the object of the suit," which we understand to mean the purpose or intention of the lawsuit.[4] *See Webster's Third New Int'l Dictionary* 1555 (unabridged ed 2002) (defining the noun "object" to mean, among similar other things, "something (as an end, aim, or motive) by which the mind or any of its activities are directed : something on which the purposes are fixed as the end of action or effort : something that is sought for : final cause"). When that object is described as the enforcement of a lien, when in fact the suit does not seek to enforce a lien, that is not a notice that includes the object of the lawsuit as required by ORS 93.740. Thus, when a recorder of a notice of *lis pendens* chooses to identify the "theory" that the notice is based upon in including "the object of the suit," they must do so accurately.

Here, the Notices were invalid because they did not include the object of the suit, because, in fact, the underlying action did not involve the enforcement of a lien. The trial court concluded that the underlying suit did not involve a lien, whether a "CC&R[s] lien" or otherwise, and, on appeal, respondents concede that point.[5] Therefore, the trial court correctly concluded that the Notices did not comply with their authorizing statute, ORS 93.740, and did not err in granting the petition and striking the Notices under ORS 205.460.

---

[4] As an example, although the description of "the object of the suit" was not at issue in *Indian Ridge*, in that case we upheld as valid a notice of *lis pendens* for litigation involving an "interest" in real property and that described the object of that litigation only as "Appeal of Wallowa County's decision (Order 2015-017) to approve a tentative plat (LP#14-13) to create two two-acre parcels pursuant to Ballot Measure 49 Final Order H129386." 314 Or App at 717-18, 725. In other words, we determined that a notice of *lis pendens* was valid even though it did not expressly state that the underlying action involved an "interest" in real property.

[5] Although the trial court originally analyzed, at length, the question of whether respondents possessed "any interest in" petitioners' real property in the underlying litigation, the court correctly identified those portions of its first letter opinion as *dicta* on reconsideration. The court explained in its second letter opinion that its earlier "discussion unnecessarily went beyond Eastside's sole basis for its notices of *lis pendens*—that it had a lien on the 53 lots." And, specifically, the trial court ruled, "Respondents direct this court to nothing that supports their assertion that they have a CC&R[s] 'lien' to control petitioners' design choices on their properties under ORS 93.740."

B.  *The trial court did not err in awarding statutory damages under ORS 205.470 on a per-lot basis.*

In their second assignment of error, respondents contend that the trial court erred in awarding petitioners $265,000 in statutory damages, or $5,000 for each of the 53 lots improperly encumbered, under ORS 205.470. As relevant here, that statute provides:

> "Any person who knowingly files, or directs another to file, an invalid claim of encumbrance shall be liable to the owner of the property bound by the claim of encumbrance for a sum of not less than $5,000 or for actual damages caused by the filing of the claim of encumbrance, whichever is greater[.]"

Respondents advance two independent arguments for why the statutory damages award cannot stand. First, they argue that the court's granted relief violates ORCP 67 C because they did not have reasonable notice and an opportunity to be heard on the award of $265,000. Second, respondents argue that ORS 205.470 does not permit the award of minimum statutory damages for each lot bound by the Notices. We reject both arguments and accordingly affirm the damages award.

1.  *The trial court did not violate ORCP 67 C.*

First, we address respondents' argument that the trial court violated ORCP 67 C when it awarded ORS 205.470 damages in the amount of $265,000. Specifically, respondents argue that the court awarded relief that was "more than was sought in the Petition" without providing them with reasonable notice, as required by ORCP 67 C. For the reasons stated below, we conclude that no ORCP 67 C violation occurred.

Whether a trial court entered a judgment that does not conform with ORCP 67 C presents a question of law, which we review for legal error. *PGE v. Ebasco Services, Inc.*, 353 Or 849, 858, 306 P3d 628 (2013) (reviewing for legal error whether a default judgment awarding monetary relief violates ORCP 67 C where the underlying complaint did not state the specific amount of damages being sought); *cf. Evans v. Brentmar*, 186 Or App 261, 270, 62

P3d 847 (2003) (explaining that a court's entry of a judgment that violated ORCP 67 B constituted legal error). In addition, when a judgment awards relief exceeding that prayed for in the pleadings, we evaluate whether a defendant was provided reasonable notice and an opportunity to be heard as legal determinations that are also reviewed for errors of law. *Cf. Stricklin v. Flavel*, 180 Or App 360, 366, 43 P3d 1116 (2002) (reviewing, in the due process context, for legal error whether the defendants received adequate notice of a hearing prior to the entry of an amended money judgment).

ORCP 67 C states, "A judgment for relief *** exceeding the amount prayed for in the pleadings may not be rendered unless reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered." A judgment therefore may violate ORCP 67 C if it grants relief not either "asserted in the operative complaint or adequately raised during the proceedings." *Kirresh v. Gill*, 309 Or App 47, 67, 482 P3d 76 (2021).

As the trial court correctly recognized, in the petition, petitioners requested only "an award under ORS 205.470 of statutory penalties *in the amount of $5,000 **** or in the alternative Petitioners' actual damages if greater." (Emphasis added.) Thus, the court's award to petitioners in the general judgment of $265,000 in statutory penalties exceeds that prayed for in the petition.

Nevertheless, the record reflects that, for purposes of ORCP 67 C, respondents had reasonable notice and an opportunity to be heard as to petitioners' request for $5,000 per lot under ORS 205.470 because that relief was requested at multiple points during the proceedings. *See White v. Reyes*, 335 Or App 124, 142-43, 558 P3d 43 (2024), *rev den*, 373 Or 284 (2025) (concluding that a judgment complied with ORCP 67 C where the plaintiff had made "repeated requests" in multiple court filings for the granted relief that was distinct from that requested in his operative pleading).

To start, just one day after filing the petition, petitioners submitted a Memorandum in Support of Its Petition,

which requested that the trial court "award[ ] Petitioners statutory penalties in the amount of *$5,000 each* or actual damages, whichever is greater." (Emphasis added.) Next, after the trial court entered an order striking and releasing the Notices and allowing damages under ORS 205.470, petitioners filed a memorandum that requested that the court enter a general judgment awarding them $5,000 in statutory penalties per affected lot, or $265,000. In response, respondents filed a memorandum that acknowledged and argued against that request. Further, when petitioners filed objections to respondents' motion for reconsideration, they renewed their request for a general judgment awarding them "damages in the amount of $265,000."

Finally, at the hearing held on the reconsideration and statutory damages issues, the court indicated that it would review the parties' memorandums before determining whether there needed to be an additional hearing "on the lingering issues of damages," specifically the issue of whether the $5,000 minimum is awarded "by lot or by owner, or [as] one chunk." Following that hearing, the court issued an order that noted that "[a]ll parties agreed that another hearing was not necessary regarding the Petitioners' request for statutory damages" and that awarded damages in the amount of "$265,000 ($5,000 x 53 lots)." That award was later incorporated into the general judgment that respondents challenge on appeal.

In sum, the trial court did not violate ORCP 67 C in awarding petitioners $265,000, because petitioners adequately raised the request for additional relief throughout the proceedings and respondents were provided with reasonable notice and an opportunity to be heard on the enhanced award. [6]

---

6 We also note that even before respondents recorded the Notices, petitioners sent a letter that cautioned respondents against filing any "wrongful" notices of lis pendens against petitioners' lots because "filing a wrongful lis pendens is dealt with harshly at potentially great expense to the filer." We agree with the trial court's assessment that "[t]hose words emphasized and insinuated more than a mere $5,000 and fees would become a risk for [respondents]" and further demonstrates that respondents had notice of petitioners' request for damages under ORS 205.470 in excess of $5,000.

2.   *The trial court correctly awarded statutory damages under ORS 205.470 on a per-lot basis.*

We next turn to respondents' argument that the trial court erred in awarding petitioners $265,000 under ORS 205.470. Again, that statute provides that "[a]ny person who knowingly files, or directs another to file, an invalid claim of encumbrance shall be liable to the owner of the *property* bound by the claim of encumbrance for a sum of not less than $5,000 or actual damages \*\*\*, whichever is greater." ORS 205.470 (emphasis added). In essence, the parties dispute whether the term "property" refers to each discrete lot independently or to the lots owned in the aggregate by any particular owner.    Whether the trial court properly interpreted and applied the statutory term "property" under ORS 205.470 presents an issue of statutory construction, which we review for errors of law. *Ventana Partners, LLC v. LaNoue Development, LLC*, 267 Or App 15, 26, 340 P3d 107 (2014), *rev den*, 357 Or 325 (2015). We "examin[e] the text and context of the statute and any useful legislative history" to discern whether "property" under ORS 205.470 refers to multiple lots in the "singular and collective" sense, as respondents contend, or to each lot independently. *Id.* (citing *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009)).

We start with the statute's text and context. *Gaines*, 346 Or at 171. ORS 205.470 states, in full:

"Any person who knowingly files, or directs another to file, an invalid claim of encumbrance shall be liable to the owner of the *property* bound by the claim of encumbrance for a sum of not less than $5,000 or for actual damages caused by the filing of the claim of encumbrance, whichever is greater, together with costs and reasonable attorney fees at trial and on appeal. Any grantee or other person purportedly benefited by an invalid encumbrance that is filed who willfully refuses to release the invalid encumbrance upon request of the owner of the *property* affected shall be liable to the owner for the damages and costs and reasonable attorney fees at trial and on appeal provided in this section."

ORS 205.470 (emphases added). For purposes of that statute, "'[p]roperty' includes, but is not limited to, real and

personal property." ORS 205.450(6). However, since this case only affects "real property," we limit our construction of ORS 205.470 to that type of property.

"Real property" is not further defined in ORS chapter 205. Accordingly, we presume that the legislature intended to use its ordinary meaning. *Gaines*, 346 Or at 175. As relevant in this case, "real property" is understood to be the interest that a person has in lands, including all improvements thereon, as well as an owner's rights in relation to the lands. 73 CJS Property § 20; *see also Black's Law Dictionary* 1474 (12th ed 2024) (defining real property as "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land"). Further, although ownership is a term that refers to a person's rights and interests in land, ownership is generally defined by reference to title.[7] 73 CJS Property §§ 39, 49. Moreover, an encumbrance, including a notice of *lis pendens*, that is recorded against real property affects title to the specific real property against which it is recorded. 73 CJS Lis Pendens § 40; 73 CJS Vendor and Purchaser § 399. Bringing that all together, the "owner of the property bound by the claim of encumbrance," in ORS 205.470, refers to the owner of title to a specific piece of real property—that is, the "property" is the individually titled piece of property bound by the invalid encumbrance. As such, statutory damages are permitted for each property—each unit of land—that has an invalidly encumbered title.

The legislative history confirms our interpretation of the statutory text. *See Gaines*, 346 Or at 171-72 (permitting review of legislative history when appropriate). Specifically, the legislative history demonstrates a legislative objective of enabling owners to clear "title" to their property.

The invalid encumbrance statutes were enacted in 1997 after the Oregon Department of Justice (ODOJ) proposed them as a solution to "anti-government activists" that had been filing claims encumbering public officials' properties without any legal basis. *Allman*, 311 Or App at 201-02.

---

[7] Because this case does not involve a title dispute over the ownership of real property, or allegations of ownership of partial interests in real property, we do not address other ways in which ownership could be established.

Although a desire to protect government officials from such wrongful claims originally inspired the invalid encumbrance statutes, the legislature also included a mechanism for "*any* person" to clear invalid encumbrances from their property, ORS 205.460, and recover damages, ORS 205.470. *Id.* (emphasis in original).

The legislative history contains repeated references to clearing "title to property" as among the statutes' purposes. For example, when introducing the bill for the invalid encumbrance statutes, ODOJ, through then-Assistant Attorney General (AAG) Brenda JP Rocklin, offered testimony that the "key purpose" of the section that is now ORS 205.460 was to "establish an expedited and simple procedure for clearing invalid encumbrances *from title to property* for *any* person whose property is subject to an invalid claim of encumbrance." Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Jan 29, 1997, Ex D (statement of AAG Brenda JP Rocklin) (first emphasis added; second emphasis in original); *see also* Tape Recording, House Committee on Judiciary, HB 2318, Jan 29, 1997, Tape 8, Side B (statement of AAG Brenda JP Rocklin) (testifying that the bill provided a procedure for "private citizens *** that *** allow[s] title to be cleared" from their property); Tape Recording, House Committee on Judiciary, HB 2318, Feb 21, 1997, Tape 8, Side A (statement of AAG Brenda JP Rocklin) (testifying that the bill allowed "any citizen who has *** an invalid lien placed on title to their property" to petition to remove the invalid encumbrance). That history confirms that the statute was directed at clearing title to individually titled pieces of real property.

Another legislative priority was to deter individuals from filing invalid claims through the imposition of "civil penalties for filing an invalid encumbrance."

Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Jan 29, 1997, Ex D (statement of AAG Brenda JP Rocklin). When the bill was in committee, Rocklin testified that the purpose of the provision that is now ORS 205.470 was to "provide a penalty for the filing of invalid encumbrances that hopefully will deter the filing of such encumbrances." *Id.* Interpreting "property" under ORS

205.470 to allow for the recovery of statutory damages for each piece of real property that has its title encumbered by an invalid claim promotes that legislative priority. The more property titles that one invalidly encumbers, the more harm one does. That further convinces us that the interpretation of "property" under ORS 205.470 provides for the award of minimum statutory damages on a per-title, or per-lot, basis.

In sum, the legislature's intent in enacting ORS 205.470 alongside ORS 205.460 was to both provide a mechanism to remove invalid encumbrances from a person's title to their property and to provide a deterrent for those invalid encumbrances being filed in the first place. Therefore, when a court strikes an invalid encumbrance from multiple lots pursuant to ORS 205.460(6) and awards damages under ORS 205.470, minimum damages are calculated based on the number of titles clouded by the invalid encumbrance; in other words, on a lot-by-lot basis. There is nothing in the statutory text or legislative history that compels a different result, simply because one person happens to own more than one property with an invalidly encumbered title.

We briefly address respondents' arguments to the contrary. First, respondents argue that "[i]f the legislature had intended to focus on the number of particular lots *** affected [in awarding statutory damages under ORS 205.470], it could have expressly done so." But the converse is also true: The legislature could have expressly indicated that, for purposes of calculating statutory damages, "property" may refer to several discrete lots in the collective sense if that were the correct reading. The legislature did neither. *See Lake Oswego Preservation Society v. City of Lake Oswego*, 360 Or 115, 129 379 P3d 462 (2016) ("[N]egative inferences based on legislative silence are often unhelpful in statutory interpretation."). And as we have already explained, the statutory text and legislative history provide compelling evidence for interpreting the statutory term "property" under ORS 205.470 to authorize the award of the $5,000 minimum penalty on a lot-by-lot basis.

Second, respondents argue that a per-lot statutory damages award raises "possible due process problems by applying an unclear multiplier to the statutory amount

based on counting sub-units of property." This case, however, involves neither an "unclear multiplier" nor "sub-units of property." This case involves 53 distinct pieces of real property that respondents chose to bind with blanket notices of *lis pendens*. If there were 53 different owners in this case, each of those 53 owners would qualify as an "owner of the property bound by the claim of encumbrance," and each could recover the $5,000 in minimum damages. The fact that petitioners here each own multiple lots affected by respondents' invalid encumbrances does not affect how ORS 205.470 operates, because the purpose of the statute is to deter the clouding of individual title to real property with invalid encumbrances.[8]

In sum, because the titles of 53 separate lots were invalidly encumbered by respondents' Notices, the trial court did not err in awarding $5,000 for each property bound by the Notices under ORS 205.470, for a total award of $265,000.[9]

Because we affirm the general judgment, we do not disturb the trial court's award of attorney fees and costs to petitioners in the supplemental judgment.

Affirmed.

---

[8] Respondents also direct us to statutes enacted by the Idaho and Washington legislatures that Oregon's invalid encumbrance statutes were modeled on. Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2318, Jan 29, 1997, Ex D (statement of AAG Brenda JP Rocklin). However, those parallel state laws do not aid our interpretation of "property," nor in determining whether the minimum statutory damages should be awarded on a lot-by-lot basis. The Idaho statutes, since repealed, similarly stipulate only that the "owner of *** real or personal property" be awarded a "sum of not less than five thousand dollars ($5,000) or for actual damages ***, whichever is greater," Idaho Code §§ 45-1701 - 45-1705 (repealed 2016), and the Washington statutes do not provide for statutory damages at all, Wash. Rev. Code §§ 60.70.010 - 60.70.070.

[9] Because the Notices were made up of a notice of *lis pendens* and an amended notice of *lis pendens*, the trial court properly treated the Notices, when calculating the minimum statutory damages under ORS 205.470, as a single "invalid claim of encumbrance" upon petitioners' properties.